M. A. McVEY, Appellant, v. H. L. BARKER et al., Respondents.

| 88 | 515 |
| s92 | 502 |
| 88 | 515 |
| f96 | 597 |

St. Louis Court of Appeals, April 23, 1901.

Appeal, Premature: NO DISPOSITION OF ALL THE PARTIES. The record failing to show a disposition of the cause as to all the parties, before the rendition of a final judgment for one of the defendants, renders the appeal prosecuted in this behalf, premature, and it must be dismissed.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes,*
Judge.

DISMISSED.

### STATEMENT OF THE CASE.

This is an action of replevin brought against the city of Laddonia and H. L. Barker. The petition is in the usual form and alleges the unlawful caption by defendants of four horses, the property of plaintiff; asks for damages, actual, in the sum of two hundred and fifty dollars, and punitive, in the same amount.

To this petition a demurrer was interposed by the city on the ground that, being one of the fourth class, an action of re-

plevin could not be maintained against it.    The court sustained this demurrer and rendered a final judgment that the defendant city go hence without day and recover costs.

The record does not show what disposition was made of the cause as to Barker, the co-defendant.

From the final judgment in favor of the city on the demurrer, plaintiff took an appeal to this court.

*W. A. Edmonston* for appellant.

The horses were taken up under and by virtue of said ordinances by the defendants.    Evidently the city was liable if the taking up was illegal.    Perely v. Georgetown, 7 Gray, 464; Thoyer et al. v. City of Barton, 19 Pickering, 511; Moore v. Fitchburg Cas., 4 Gray, 465; Howell v. City of Buffalo, 15 N. Y. 512; Lee v. Village of Sandy, 40 N. Y. 449; 2 Dillon on Mún. Corp., secs. 770, 771, 772; Allison v. City of Richmond, 51 Mo. App. 133; Howlett v. Erie, 79 Mo. App. 656.

*P. H. Cullen* and *W. H. Logan* for respondent.

The matter of restraining stock from running at large by a municipal corporation pertains to the police power, and the wrongs complained of in the petition having been caused by the act of an officer of the city while attempting to enforce a police regulation, the maxim *respondeat superior* does not apply and the demurrer to the declaration, therefore, was properly sustained.    Culver v. City of Streator, 130 Ill. 238, 22 N. E. 810.

BOND, J.—The appeal taken in this cause must be dismissed.    The failure of the record to show some disposition of the cause as to all of the parties defendant before the rendition

of a final judgment in favor of one of the defendants, is an insuperable obstacle to the prosecution of an appeal; for there can be only one final judgment in any case. In the one at bar, the court should have withheld the final judgment, after its ruling on the demurrer of the city until the case was ready for judgment against the other defendant, either by a dismissal as to him by plaintiff, or upon a trial, after which a single final judgment could properly have been entered, which would have embraced a finding as to all of the parties. Until that has been done, any appeal is premature. It seems from the briefs on file in this case, that the court went outside of the allegations contained in the petition and considered the ordinances adopted by the city of Laddonia with reference to the impounding of stock as a part and parcel of the petition. As the matter is not before us for present decision, we refrain from expressing an opinion as to the ruling thus made. It would *seem* however, that if the petition had incorporated in itself sufficient allegations to show that in the taking of the horses by its marshal the city was exercising a function of government delegated to it by virtue of its charter, then there could be no liability on the part of the city for such action in a suit of replevin. Ulrich v. St. Louis, 112 Mo. 138; Jefferson Co. v. St. Louis Co., 113 Mo. 619. However, the appeal in this case was clearly prematurely taken under the authority of Sater v. Hunt, 61 Mo. App. 228.

It is accordingly dismissed. All concur.