GEORGE VANHOOSIER et al., Respondents, v. ROB-
ERT C. DUNLAP, Appellant.

Kansas City Court of Appeals, April 2, 1906.

1. **PARTNERSHIP: General Denial: Affidavit: Recovery.** Un-
less there is a denial of the partnership made under oath, the
partnership is admitted, but that does not admit the contract
alleged in the petition; and a member of a partnership may
make an individual contract, and whether the contract is with
the individual or with the partnership is material, since there
can be no recovery by the firm where the contract is with
one of the partners.

2. **TRIAL PRACTICE: Motion for New Trial: Setting Aside Ver-
dict.** A motion for new trial is not objectionable because it
fails to ask that the verdict be set aside.

Appeal from Buchanan Circuit Court.—*Hon. Archelaus
M. Woodson,* Judge.

REVERSED AND REMANDED.

*W. B. Norris* and *W. K. James* for appellant.

(1) Under a general denial the defending party is
always at liberty to disprove and overthrow the con-
tract asserted against him by proving that it was mater-
ially different from the one so asserted. Wilkerson v.
Farnham, 82 Mo. 679. (2) "The petition charges a
joint contract and the plaintiff must recover upon that
theory or it cannot recover at all. Cole v. Armour, 154
Mo. 351, 55 S. W. 476; Chitty v. Railroad, 148 Mo. 74,
75, 49 S. W. 868; 166 Mo. 435, 65 S. W. 959; Timber
Company v. Railway, 180 Mo. 420 at p. 463; Cobb v.
Keith, 110 Ala. 614, 18 South. 325; Black v. Struthers,
11 Iowa 495; Murry v. Davis, 51 N. C. (6 Jones Law)
341; Stewart v. Gordon, 65 Tex. 344; Rohy v. Davis, 9
Leigh 30. (3) Admitting a contract was made with

117 App.—34

plaintiff Vanhoosier, it was a contract of hiring and therefore personal in its nature and not assignable by him to himself and co-partners, the others plaintiffs in the case. Redheffer v. Leathe, 15 Mo. App. 12; Boykin v. Campbell, 9 Mo. App. 495; Implement Company v. Iron Works, 129 Mo. 229; Smelting Company v. Min. Co., 8 Sup. Ct. Rep. 1309.

*Samuel S. Shull* for respondent.

(1) Each member of a firm is the agent of the firm, and of each member thereof, to contract for them as to the ordinary business of the firm. In all cases where by a contract between a third person and a member of a partnership, the whole partnership becomes liable to the third party for any default, there the third party becomes liable to all the firm for a default on his part. 1 Lindley on Partnership, book 2, chapter 1, sec. 1; and notes to section above cited. 1 Lindley on Partnership, pp. 338-340, 475-481, (Star paging.)   (2) Under his third assignment of error appellant mentions a difference between the petition and plaintiff's instruction as to length of saw cuts. *De minimis non curat lex* might apply to this error if error there be. But this record fails to show what was the length of any of the saw cuts. The record fails to show the length of any of the logs. (3) Again, the motion for new trial is not sufficient in law.

ELLISON, J.—This is an action on a contract to saw timber into lumber, wherein it is charged that defendant by selling the timber prevented plaintiffs from sawing and thereby deprived them of the net profits in said work. The judgment in the trial court was for the plaintiffs.

The contract to saw the timber was originally made with one Ragan, but plaintiffs as a partnership (as they allege) were substituted in Ragan's place. Defendant

contends that the partnership was not so substituted; but that Vanhoosier, one of the members of the partnership was substituted. The answer was a general denial and there was no denial of the partnership under oath. The trial court ruled that the effect of the answer not being under oath, was not only to admit the partnership of plaintiff's but also that defendant's contract was with the partnership. We think the ruling erroneous, and also in refusing an instruction on the same subject. Notwithstanding the failure to deny the partnership under oath admitted the partnership, it did not admit the contract as alleged in the petition. Notwithstanding Vanhoosier was a member of the plaintiff partnership, there was nothing to hinder his making an individual contract. This was a material matter for defendant, since in alleging a contract with a partnership there can be no recovery by an individual member of the firm on an individual contract. [Bagnell Timber Co. v. Railway, 180 Mo. 420, 463.]

II. Objection is made to the form of the motion for new trial. It reads that, "Comes now defendant in the above-entitled cause and moves the court to grant a new trial thereof for the following reasons, towit." The point made is that it does not ask that the verdict be set aside. The objection is not well taken.

We think exceptions were properly saved to the ruling of the court on the points herein considered. The judgment is reversed and cause remanded. All concur.