# W. ANABLE, Appellant, v. McDONALD LAND & MIN-ING COMPANY et al., Respondents.

## Springfield Court of Appeals, May 2, 1910.

1. **APPEAL AND ERROR: Judgment Must Be Final: Disposition As to All Parties.** A judgment from which an appeal can be taken must be a final disposition of the case as to all parties; but where a suit is brought against two defendants, one of whom answers and the other demurs to the petition and the demurrer is sustained and, on plaintiff's refusal to plead further, a judgment is rendered dismissing the case at plaintiff's cost, this is a final disposition as to all the parties and plaintiff may appeal.

2. **PRACTICE: Pleading: Demurrer to Petition.** For the purpose of a demurrer, all of the facts properly pleaded are taken as admitted to be true.

3. **———: ———: ———: Misjoinder of Parties.** Misjoinder of parties may be raised by a demurrer where the petition shows on its face such misjoinder, and defendant may show by such demurrer that plaintiff cannot maintain his action because the right of action is in another person.

4. **PARTNERSHIP: Release by One Partner Binding on Firm.** Each partner is a representative of the firm, and the release and satisfaction by one partner of the partnership claims binds the firm in the same manner as though all the partners were acting together.

5. **———: Compromise: Right of One Partner As to Suits.** One partner has as much right as the other to say and determine when a suit shall be brought and when an indebtedness to the partnership shall be compromised or settled without suit.

6. **———: Actions: One Partner Cannot Sue for His Portion.** One partner cannot sue alone for his portion of the debt or claim due the copartnership.

7. **———: ———: Fraudulent Release of Partnership Debt: Equity.** A suit can be maintained by one partner against the other in which is joined as defendant a debtor of the firm, where it is alleged that the defendant partner and the debtor had fraudulently combined to cheat and defraud plaintiff by having the copartner execute a release for the debt; that the copartner

had no interest in the debt and was a partner in name only, all of which was known to the defendant debtor, and the prayer is for a cancellation of the release and a judgment for the debt. This suit was held to be in the nature of an action for an accounting between the parties and the debtor by his fraud made himself a necessary party.

8. **EQUITY: Cancellation of Fraudulent Release.** Equity has authority to set aside and cancel fraudulent releases and the enactment of Section 654, Revised Statutes 1899, did not abrogate the jurisdiction of equity to cancel a release for fraud.

9. ————: **Multiplicity of Suits: Complete Justice.** Equity, having acquired jurisdiction, to avoid a multiplicity of suits, will proceed to try and determine the case and grant any relief consistent with the facts and do complete justice to all parties and may, in a proper case, give a money judgment.

10. **ACTIONS: Parties: Party Refusing to Join as Co-Plaintiff: Equity.** The fundamental rule of equity as to parties to suits is that, however numerous, they must be joined in the action, and a party whose interest is with the plaintiff, and who should be made a co-plaintiff, but who refuses to join as such, should be made a defendant. In such case, the bill must show the refusal to join as plaintiff.

11. **JOINT OBLIGEE: Right to Release Joint Obligee: Fraud.** One of several joint obligees may execute a valid release by which the entire obligation will be discharged; but to do so, it must be intended and in fact be free from fraud on the rights of the obligees not joining in the execution of the release.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*I. V. McPherson* and *H. H. Bloss* for appellant.

(1) It is the law that a release or an acquittance given by one joint obligee binds the other, but to this rule there are certain exceptions. One of those exceptions as where the joint obligee executing the release is acting in fraud of his co-obligee, and especially as alleged here, where the person in whose favor the receipt is given is assisting in the perpetration of the

fraud. Lumberman's Ins. Co. v. Preble, 50 Ill. 332; Beatson v. Harris, 60 N. H. 83; Clark v. Loumann, 52 Ill. 637; Stephens v. Creman, 10 Florida 9; Lansing v. Bliss, 86 Hun (N. Y.) 205. (2) Partners while acting one for the other sustain to each other the relation of agency one for the other, and also in respect to partnership assets they each sustain the relation of trustee, having no right to surrender or dissipate such assets in fraud of the other partner. Martin v. Lutkewitte, 50 Mo. 58; Filburn v. Ivers, 92 Mo. 388; Pomeroy v. Benton, 57 Mo. 531; 1 Story, Eq. Jur., secs. 204, 205, 207. (3) If a trustee or an agent for a principal endeavors to defraud the person or estate to which he sustains such relation, what he does in that connection would be void and of no effect, especially as to some third person who is assisting him in the perpetration of such fraud. 1 Am. and Eng. Ency. of Law (2 Ed.), 1178; White S. M. Co. v. Betting, 46 Mo. App. 417; Singer M'fg. Co. v. Hudson, 4 Mo. App. 145; Merchants Ins. Co. v. Insurance Co., 4 Mo. App. 578.

*Spencer, Grayston & Spencer* for respondents.

No judgment was or could have been rendered as to the defendant, Quick, and hence there is no final judgment in the cause from which an appeal can be taken. R. S. 1899, sec. 806; Sater v. Hunt, 61 Mo. App. 228, 75 Mo. App. 468; McVey v. Barker, 88 Mo. App. 515, 92 Mo. App. 498; Webb v. Kansas City, 85 Mo. App. 148; Pittsburg P. G. Co. v. Peper, 96 Mo. App. 595; Rock Island Impl. Co. v. Marr, 168 Mo. 257; Blackmer v. Railroad, 137 Mo. App. 512; McCord, Adm., v. McCord, 77 Mo. 166. (2) The demurrer was properly sustained. 15 Enc. Pl. and Pr., 529; Ellis v. Railway, 130 Mo. App. 221; Rainey v. Smizer, 28 Mo. 310; Thieman v. Goodnight, 17 Mo. App. 430; Clark v. Cable, 21 Mo. 223; Ryan v. Riddle, 78 Mo. 521; Culver v.

Smith, 82 Mo. App. 390; Dewey v. Carey, 60 Mo. 224; Ohnsorg v. Turner, 33 Mo. App. 487; McLaren v. Wilhelm, 50 Mo. App. 658; Slaughter v. Davenport, 151 Mo. 26; Parks v. Richardson, 35 Mo. App. 197; Lemon v. Wheeler, 96 Mo. App. 651; 1 Parsons on Con. (7 Ed.), 13; Seymour v. Railroad, 106 U. S. 320, 27 L. Ed. 103; Butler v. Boynton, 117 Mo. App. 465; Henry v. Township, 70 Mo. 500; Clark v. Railroad, 219 Mo. 524.

NIXON, P. J.—I. The appellant herein commenced suit against the respondents, McDonald Land & Mining Company and W. P. Quick, upon a petition in two counts. Defendant Quick filed an answer to the petition. A general demurrer was filed by the McDonald Land & Mining Company which was sustained by the trial court and judgment entered thereon, and plaintiff has appealed. Respondents object to the appeal for the reason that the judgment rendered was premature, and that no judgment was rendered against defendant, W. P. Quick. The judgment, after reciting that defendant, McDonald Land & Mining Company, had filed a demurrer to both counts of the petition, proceeds as follows: "The said demurrer is sustained to each of the counts pleaded in plaintiff's petition, and plaintiff having refused to plead further and having elected to stand on said petition, its cause of action is hereby dismissed and judgment rendered against plaintiff for the costs hereof."

As stated, the demurrer was filed by the McDonald Land & Mining Company alone and the judgment was on the demurrer, the objection of the respondents to the appeal being that the record does not show there was any disposition of the defendant, W. P. Quick, and consequently no appeal would lie. In support of this contention, we are referred to the case of Sater v. Hunt, 61 Mo. App. 228. The plaintiff in that case brought suit against Samuel L. Hunt and Minnie B. Hunt, husband and wife, and against J. W. Raymond,

the terre-tenant, the object of the suit being to obtain a personal judgment on a note secured by a mortgage against the two Hunts, who were makers, and to foreclose the mortgage. The defendant Raymond admitted the allegations of the petition. The defendant Minnie B. Hunt interposed a general demurrer to the petition which was sustained. Upon the plaintiff refusing to plead further, the court made final judgment in favor of Minnie B. Hunt without making any disposition whatever of the other defendants. It was held that no appeal would lie because a disposition was not made of all the defendants. We are also referred to the case of McVey v. Barker, 88 Mo. App. 515. That was an action of replevin against the city of Laddonia and H. L. Barker. To the petition a demurrer was interposed by the city on the ground that, being a city of the fourth class, an action of replevin could not be maintained against it. The court sustained the demurrer and rendered a final judgment that the city go hence without day and recover costs. The record does not show what disposition was made of the case as to the co-defendant Barker. The case of Rock Island Imp. Co. v. Marr, 168 Mo. 252, 67 S. W. 586, is also cited. In that suit there were ten defendants. Three of them filed separate general demurrers which were sustained and it was ordered that the plaintiff take nothing by said writ, and that the defendants go hence without day and recover from the plaintiff their costs. None of the other seven defendants answered or demurred to the petition, and as to them the case was not disposed of in any manner. It was held that the judgment entered was not final as it did not make a disposition of all the defendants in the case.

In each of the above cases—and many others to the same effect may be found—the demurrant was discharged, awarded his costs, and no disposition was made in the judgment as to the other defendants or as to the case itself. In the present case, however, unlike the cases cited, the judgment recites that the plaintiff,

refusing to plead further and electing to stand on his petition, "his cause of action is hereby dismissed and judgment rendered against the plaintiff for the costs hereof." When plaintiff's cause of action was dismissed and judgment rendered against the plaintiff for costs, it made a final disposition of the case and necessarily of all the parties to the record, and this case is consequently not to be classed with the cases cited by respondents in that the judgment here finally disposed of the case and all the parties to the record.

II.   There are two counts in the petition which are as follows:   (Caption omitted.)

"1.   Plaintiff for cause of action states, that the defendant, McDonald Land & Mining Company, is a corporation organized under the laws of the State of New York and engaged in the business of owning timber and mining lands in the State of Missouri and furnishing railroad cross-ties, etc., and was so engaged and organized at and during all the times hereinafter mentioned.

"Plaintiff further states that during the year 1904, he and one W. P. Quick entered into a contract with the defendant, McDonald Land & Mining Company, by which it was agreed that the plaintiff and said Quick were to furnish for the defendant five thousand railroad cross-ties at the agreed price and sum of twenty-five cents per tie, and in pursuance of said contract, the plaintiff and said Quick did deliver to the defendant, McDonald Land & Mining Company, the agreed number of ties above mentioned, and on account of the premises, there became due the plaintiff and said Quick from said defendant the sum of twelve hundred and fifty dollars, which sum was all due and payable January 1, 1905, at which time the plaintiff demanded of the said defendant the sum aforesaid.

"Plaintiff further states that in the prosecution of the work and in furnishing said ties, he personally fur-

nished all the means and paid for all labor and everything else necessary in so furnishing said ties and that said Quick while nominally a partner and jointly interested by virtue of said contract in furnishing said ties, was insolvent and had no means, and the burden of complying with said contract was on the plaintiff, and said Quick never has furnished any of the means to fulfill said contract; that while said Quick and plaintiff were during said year, 1904, jointly engaged in business as partners and so jointly interested in said contract, said Quick was irresponsible and had no means and the entire burden of paying all liabilities and complying with all contracts and furnishing the means therefore fell on this plaintiff, and on accounting had between them there was nothing whatever due from the credits that were nominally payable to said firm, to said Quick, but all such credits would be and should be payable to the plaintiff; that immediately after furnishing said ties, the plaintiff and said Quick dissolved partnership and have ever since been so dissolved; that after said dissolution, the defendants herein, for the purpose of cheating, wronging and defrauding the plaintiff out of his just right to receive payment for the ties so furnished, entered into an agreement by which the defendant Quick gave the defendant McDonald Land & Mining Company a release from liability on account of said ties, thus intending thereby to cheat and defraud the plaintiff out of the money due him for said ties; that said release and discharge was given without any consideration in fact, and was procured by the defendant McDonald Land & Mining Company well knowing at the time that the defendant Quick had no financial interest in said contract as between him and said Anable, that said Anable had furnished all the means to fulfill said contract, and with the intention on the part of both of the defendants to cheat and defraud the plaintiff out of his just rights.

"Plaintiff further says that in keeping with the intended wrong so done him by the defendant Quick, he has refused to bring or maintain this action against the defendant, McDonald Land & Mining Company, for the amount so due him.

"Wherefore, plaintiff asks judgment against the said defendants for the sum of twelve hundred and fifty dollars with interest thereon at the rate of six per cent per annum from the first day of January, 1905, and costs of suit.

"2.    For another and further cause of action, plaintiff states that the defendant, McDonald Land & Mining Company, is a corporation organized and existing under the laws of the State of New York, and engaged in the business of owning timber and mining lands in the State of Missouri and furnishing railroad cross-ties, etc., and was so engaged at and during all the times hereinafter mentioned.

"Plaintiff further states that during the year 1904, he and one W. P. Quick entered into a contract with the defendant, McDonald Land & Mining Company, by which it was agreed that the plaintiff and said Quick were to furnish for the defendant five thousand railroad cross-ties at the agreed price and sum of twenty-five cents per tie, and in pursuance of said contract, the plaintiff and said Quick did furnish and deliver to the defendant McDonald Land & Mining Company, the agreed number of ties above mentioned, and there therefore became due plaintiff and said Quick the sum of twelve hundred and fifty dollars, and which was due and payable January 1, 1905, at which time plaintiff demanded the same of the said defendant and payment was refused and has ever since been refused.

"Plaintiff further states that in the prosecution of the work and the furnishing of said ties, he personally furnished all the means and paid for all labor and everything else necessary in carrying out said contract, and that said Quick while nominally a partner and in-

terested by virtue of said contract in furnishing said ties, was insolvent and had no means necessary in fulfilling said contract; that plaintiff and said Quick were during said year co-partners engaged in the business of furnishing railroad cross-ties and as such took said contract, yet, the said Quick was irresponsible and insolvent and did not furnish any of the means necessary to comply with said contract, the entire burden falling on the plaintiff; that the co-partnership thus existing between the plaintiff and said Quick was on the first day of January, 1905, dissolved and no longer in existence and all the means and assets, credits and the amount due on the contract now sued on, were justly and equitably due to this plaintiff, and said Quick, as between the plaintiff and him had no right or equity in any of said assets; that notwithstanding said fact, thereafter the said Quick with a design to cheat and defraud this plaintiff which design and intention was also shared by the defendant McDonald Land & Mining Company, who procured from the said Quick with full knowledge of his irresponsibility and the facts above recited, a release from all liability for the ties so furnished, which release is now held by said defendant McDonald Land & Mining Company and is in writing; that the same was obtained fraudulently for the purpose aforesaid and without any adequate consideration and without having paid the debt justly due for furnishing said ties.

"Plaintiff further says that the defendant Quick has no equity or right to the fund here sued for, but being nominally a payee in said contract jointly with the plaintiff, the plaintiff requested him to bring this action jointly with him, but in keeping with his policy to defraud the plaintiff, he has refused and still refuses to do so.

"Wherefore, plaintiff prays that the said release may be set aside by this court in the exercise of its equitable jurisdiction and for naught held, that it be

declared of no force or effect in barring plaintiff's claim to said fund and that the plaintiff have judgment for the amount due, to-wit: twelve hundred and fifty dollars, with interest thereon from the first day of January, 1908, and the costs of this suit, and that he have all other relief as may be equitable and just."

An inspection of the first count shows that it is an action at law by one of two partners to recover a partnership indebtedness in which the other partner is joined as defendant for the reason—as the petition states—that he fraudulently gave a release to his co-defendant and refused to join as plaintiff.

For the purposes of a demurrer, all the facts properly pleaded are taken as admitted to be true. [Randolph v. Wheeler, 182 Mo. 1. c. 154, 81 S. W. 419; Verdin v. City of St. Louis, 131 Mo. 26, 33 S. W. 480, 36 S. W. 52.]

The special objections which the respondents raised to the petition and which they press upon our attention are (1) that the petition shows upon its face a misjoinder of parties, and (2) that it fails to show a legal cause of action in that it appears from its allegations that it is an action by one member of the partnership for a partnership indebtedness against the creditor of the firm.

Misjoinder of parties may be raised by demurrer where the petition shows on its face such misjoinder. [Sections 598 and 602, R. S. 1899.] And the defendant may show by such demurrer that plaintiff cannot maintain his action because the right of action is in another person. [Bliss on Code Pleading (2 Ed.), sec. 413, p. 630; 6 Ency. of Pl. and Prac., 348.]

The law of partnership is that each partner is a representative of the firm, and the release and satisfaction by one partner of the partnership claims binds the firm in the same manner as though all the partners were acting together. [Ashby v. Shaw, 82 Mo. 76.] And one of such partners has as much right as the other to say and

determine when a suit shall be brought and when an indebtedness to the partnership shall be compromised or settled without suit. Neither can sue alone for his proportion. And it is settled in this State that generally one of two joint obligees of a contract has the power to discharge and release the joint obligation. This was held in the case of Henry v. Mount Pleasant Township, 70 Mo. 500, where it was charged in the petition that the plaintiff's co-obligee had fraudulently and collusively combined with the obligor (the defendant) to defraud the plaintiff out of his portion of the joint demand by receiving the amount of it and giving a bond to indemnify the obligor against the plaintiff. The judgment of the lower court sustaining a demurrer to the petition was affirmed. "If one of the obligees can settle and dispose of the whole demand, it would be difficult to deny him upon principle as well as authority the lesser right of preventing suit upon it without his consent. The right of release and discharge remaining with him would render the right to sue without him an unavailing advantage, because he could release the whole demand after suit as well as before." [Ryan v. Riddle, 78 Mo. l. c. 523.]

Further, before the plaintiff could recover in this case on the first count, the partnership affairs would have to be settled and an accounting had, and the plaintiff would be compelled to go into equity in order to secure such an accounting of the partnership affairs. Upon these considerations the demurrer to the first count was properly sustained.

The second count in the plaintiff's petition is an action in equity by which jurisdiction is vested by the charge of fraud, and is not, primarily, an action by a joint obligee to recover on a joint contract, but an action in which the gravamen of the charge is fraud committed on the rights of a joint obligee. It is an action in equity to cancel a fraudulent release.

The ancient foundation of equitable jurisdiction was fraud, which equity will pursue through all its subterfuges and in all its protean shapes and vermiculations. Equity has authority to set aside and cancel fraudulent releases. [Jenkins v. Ins. Co., 79 Mo. App. 55.]

Our code of civil procedure, sec. 654, Revised Statutes 1899, provides that "whenever a release, . . . shall be set up or pleaded in the answer in bar of the plaintiff's cause of action sued on, it shall be permissible in the reply to allege any facts showing or tending to show that said release, . . . was fraudulently or wrongfully procured from plaintiff, . . ." The enactment of this section did not abrogate the jurisdiction of equity to cancel a release for fraud. [Roberts v. Central Lead Co., 95 Mo. App. 581, 69 S. W. 630.] The fundamental rule of equity as to parties to suits is that, however numerous, they must be joined in the action. [16 Cyc. 181.] "One whose interest is with the plaintiff and who should be a co-plaintiff but refuses to join as such should be made a defendant, but the bill must show the refusal to join as plaintiff as a reason for adopting such course." [16 Cyc. 199.] It will be seen that these authorities governing practice in equity have been incorporated into our statutes in section 544, R. S. 1899. One of several joint obligees may execute a valid release by which the entire obligation will be discharged; but to do so, it must be intended and in fact free from fraud on the rights of the obligees not joining in the execution of the release. [Lumberman's Ins. Co. v. Preble, 50 Ill. 332.] The defendant, McDonald Land & Mining Company, by its demurrer, admitted that plaintiff had been deprived of a legal right by its fraud, and seeks by its defense to take advantage of its own wrong, a defense admitted to arise from its own fraudulent act. [Ferrall v. Bradford, 50 Am. Dec. 296.]

If the allegation of the plaintiff's petition as to the fraudulent combination between the defendants is found

to be true, then the defendant, McDonald Land & Mining Company, by knowingly participating in a fraud against the partnership relation existing between plaintiff and its co-defendant, W. P. Quick, thereby made itself a party to the determination of the partnership rights and is a proper party to the accounting between the partners in an equitable action. Equity, having acquired jurisdiction, to avoid a multiplicity of suits, will proceed to try and determine the case and grant any relief consistent with the facts and do complete justice to all the parties, and may, in a proper case, give a money judgment. [Hagan v. Bank, 182 Mo. 319, 81 S. W. 171; Harrison v. Craven, 199 Mo. 590, 87 S. W. 962; Purdy v. Gault, 19 Mo. App. 191; Kilpatrick v. Wiley, 197 Mo. 123, 95 S. W. 213; Alexander v. Rolfe, 74 Mo. 495.]

The sustaining of the demurrer as to the second count was error, for which the judgment will be reversed and the cause remanded. All concur.