JOHN R. BRYANT, Respondent, v. MURRY PHILLIPS, Appellant.

Springfield Court of Appeals, May 19, 1915.

1. PARTNERSHIP: Individual Partner: Contract With: Suit By. Action by individual partner for carrying defendant's cattle by boat. Plaintiff testified that the boat was owned by a partnership, others of the firm being interested in the claim. According to defendant's answer and evidence plaintiff contracted individually, and not for the partnership, for carrying the cattle. There is no defect of parties or variance and judgment for plaintiff is allowed to stand, as the individual partner sued in his own name.

2. ————: **Contract With Partnership: Individual 'Partner Cannot Sue.** But contra where the contract is with the partnership as such and an individual member of the partnership cannot then recover thereon.

3. ————: **Suit by Individual Member: Firm's Interest: Evidence.** Action by an individual partner to recover for carrying on boat defendant's cattle. The boat used was the property of a partnership of which plaintiff was a member. Evidence examined and considered insufficient to negative the conclusion that plaintiff alone was interested in the contract.

Appeal from New Madrid County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Thomas Gallivan* for appellant.

(1) A cause of action must be prosecuted by the real parties in interest. Edmonson v. Carriage & Harness Co., 149 Mo. App. 128; Bagnell Timber Co. v. Railroad, 180 Mo. 420. (2) One partner cannot maintain a cause of action for his portion of the amount of the claim. Amble v. Land Co., 144 Mo. App. 303.

*Riley & Riley* for respondent.

(1) A defect of parties plaintiff appearing on the face of the petition must be taken advantage of by demurrer, and if not so appearing it must be taken advantage of by answer. R. S. 1909, sec. 1800, subdiv. 4; R. S. 1909, sec. 1804; State Bank v. Harris, 54 Mo. App. 156; Rickey v. Ten Broek, 63 Mo. 563; Bank v. Fudge, 109 Mo. App. 186, 190; Manufacturing Co. v. Milling Co., 179 Mo. App. 87. (2) Appellant, in his answer, having admitted making the contract with respondent and that respondent was the owner of the steamboat and barge used in the performance of said contract. No proof on the part of the appellant was competent to dispute these allegations, either to show

that no such contract was made or that said boat and barge was the property of a partnership. Kuhn v. Weil, 73 Mo. 213, 215; Davis v. Bond, 75 Mo. App. 32; Kessner v. Phillips, 189 Mo. 515, 521.

ROBERTSON, P. J.—Plaintiff sued the defendant for boating cattle, mules- and hogs from defendant's farm on the Mississippi river to New Madrid and for certain supplies used in equipping the barge used for said transportation. The defendant filed a counterclaim. A jury trial resulted in a verdict for plaintiff on his petition and against defendant on his counterclaim. Judgment was entered accordingly and the defendant has appealed.

The sole point made here is that the judgment in behalf of plaintiff cannot stand because of the testimony of plaintiff as follows: "Q. In March and April, 1913, were you the owner of a steamboat and barge? A. Part owner, yes, sir; I have some partners. Q. What is your firm name? A. Bryant Polhamus and Farris. Q. The others of your firm are interested in this claim? A. Yes, sir. Q. Each of them have an interest in this? A. Yes, sir." There is no merit in the contention. The defendant in his counterclaim states that he "entered into a contract with John R. Bryant, he being the owner of a steamboat and barge, to haul said stock," but alleged in addition thereto that plaintiff agreed to move 2400 bushels of corn from his farm, to which the water was rapidly rising, to a place of safety and that by reason of the breach of the contract in this particular he was damaged in a sum largely in excess of the amount claimed by the plaintiff. This is not a case wherein a partner is suing for his share of a claim, or where the contract was made in the firm name, but the plaintiff, according to defendant's answer and as he testified, contracted for and in his own behalf. Under such circumstances it was held in Tayler v. Steamboat Robert Campbell, 20

Mo. 254, 259, that there was neither a defect of parties plaintiff nor a variance where the partner sued in his own name. This opinion has never been overruled or criticized and hence we must follow it. In doing so we are not in conflict with any case cited by appellant. Bagnell Timber Co. v. M., K. & T. R. Co., 180 Mo. 420, 463, 79 S. W. 1130 involved a *joint contract;* Edmonson v. Lovan Carriage & Harness Co., 149 Mo. App. 128, 130 S. W. 64, holds no more than that the suit there involved was properly brought; Anable v. McDonald Land & Mining Co., 144 Mo. App. 303, 128 S. W. 38 holds that there one of the partners could maintain an action in his own name under the facts disclosed, but it is stated (p. 313) that a partner cannot sue alone *for his proportion* of a claim, not that he could not sue for all of the claim under a contract in his own name, and all that is said in Vanhoosier v. Dunlap, 117 Mo. App. 529, 531, 93 S. W. 350 is that where a contract is with a partnership as such an individual member thereof cannot recover thereon.

Again, the quoted testimony, and which is all of the testimony upon that point, except the defendant testified that his contract was with plaintiff, does not prove that in this particular transaction the plaintiff was not originally alone interested. He may have owned an interest in the boat and barge, or he may have had no interest therein, yet he did have the use and control of it and used it in and about the services for which he sues and yet it would be no concern of the defendant if other parties had an interest therein when he, in his answer and testimony, admits that he contracted with the plaintiff in his individual capacity. There is no contention that plaintiff's partners in the *boat* had any interest in the *contract* with defendant. For all that appears the plaintiff was running the boat and barge on his own account and may have been a lessee of the interest of his co-owners. It is true he says others

have an interest in this *claim,* but he does not say what the interest is, when or how it originated.

The judgment is affirmed.

*Farrington, J.,* concurs; *Sturgis, J.,* concurs except in last paragraph.