**Fred DAKIN, d/b/a Dakin Implement Co., Plaintiff-Respondent,**

v.

**Wendell O. GREER and Oral Ireta Greer, Defendants-Appellants.**

**No. WD 35776.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1985.

John C. Milholland, Anderson & Milholland, Harrisonville, for defendants-appellants.

Harold A. Kyser, Butler, for plaintiff-respondent.

Before TURNAGE, C.J., MANFORD, J., and MESSINA, Sp.J.

TURNAGE, Chief Judge.

Fred Dakin brought suit in small claims court against Wendell Greer and Oral, his wife, for $700 claimed to be due on the sale of a van. The small claims court entered judgment in favor of Dakin for $700. On trial de novo, the circuit court also entered judgment in favor of Dakin for $700.

On this appeal, the Greers contend they are entitled to judgment because Dakin filed suit on behalf of a partnership without naming all of the partners as parties, and because the $700 claim was included in a prior law suit. Reversed and remanded.

Fred Dakin, his wife Bertha, and son John were partners doing business as Dakin Implement Company. On August 25, 1981, the Dakins and the Greers entered into a contract by which the Greers agreed to purchase the Dakin Implement Company. The business included an automobile

franchise, an implement business, and various items of personal property. The Greers deposited $4,000 in escrow, and the contract provided that if the Greers failed to pay the balance of the purchase price, the Dakins would retain the $4,000 as liquidated damages.

On August 29, 1981, the Greers purchased an eleven passenger van from Dakin Implement for $7,500. This van had not been included in the contract of sale for the business, but a van body had been included in the contract. Dakin wanted the van body back. Because he believed that the Greers would fulfill their contract and thus become the owners of the van body, he agreed to credit the Greers $700 on the van purchase in exchange for their returning the van body to him.

Subsequent to purchasing the van, the Greers defaulted on their contract to purchase the business, and the Dakins brought suit on the contract. The court dismissed this suit after it found that the Dakins were entitled to retain the $4,000 as liquidated damages, but were not entitled to additional damages.

Subsequent to the first suit, Fred Dakin brought this suit in small claims court as "Fred Dakin d/b/a Dakin Implement Co." to recover the $700 he had credited to the Greers on their purchase of the van. Dakin testified the partnership made the sale, and the pleading in this case alleges as much.

The Greers contend that the judgment should be reversed because all partners are necessary parties-plaintiff in an action to enforce an obligation due the partnership. The rule is stated in *Wittels v. Dubinsky*, 343 S.W.2d 644, 645[1] (Mo.App.1961):

> The general rule relating to actions to enforce an obligation due to a partnership is that all partners are necessary parties-plaintiffs, and that a partner may not sue in his own name on a cause of action accruing to the partnership.

*Anable v. McDonald Land & Mining Co.*, 144 Mo.App. 303, 312–13, 128 S.W. 38, 41 (1910), provides the rationale for this rule. Because one partner can release and satisfy a claim due the partnership, and

could do so before or after suit were filed, it would be wholly unavailing to allow only one partner to file suit on a claim which a non-party partner could satisfy and thereby render the suit moot.

In 60 Am.Jur.2d *Partnership* § 325 (1972) it is stated:

> Since partnership obligations in contracts are joint, and not joint and several, it is necessary, under common-law practice, that is, where partnerships cannot sue and be sued as such, that all the partners join as parties plaintiff in an action on a partnership obligation.

■ It is thus clear that one partner may not sue alone on an obligation due the partnership. To properly plead a cause of action, not only must the complaint state facts which demonstrate a right to relief, but the complaint must also show that a right of action is vested in the plaintiff, and the failure to plead facts showing a right of action in the plaintiff results in the petition failing to state a cause of action. *Elmer v. Copeland*, 141 S.W.2d 160, 164[4, 5] (Mo.App.1940), *cert. quashed, State ex rel. Elmer v. Hughes*, 347 Mo. 237, 146 S.W.2d 889 (1941); *Justus v. Webb*, 634 S.W.2d 567, 570 (Mo.App.1982). Here, Fred Dakin brought suit as "Fred Dakin d/b/a Dakin Implement Co.," without pleading that the cause of action was vested in him alone. The evidence revealed that Dakin, his wife, and his son were the partners in Dakin Implement. Fred Dakin could not bring an action for an obligation due the partnership in his own name, and this resulted in the petition failing to state facts upon which relief could be granted.

■ The Greers raised the defense of failure to join all the partners as plaintiffs for the first time on appeal. Dakin contends that this defense cannot now be raised because it was not presented to the trial court. Rule 55.27(g)(2) provides that the defense of failure to state a claim upon which relief can be granted may be made on appeal. Thus, the defense that the petition did not state facts upon which relief could be granted can be raised for the first time in this court. Admittedly, this allows a party to sandbag the trial court, but the

language of the rule is clear. The judgment must be reversed because the action was not brought in the names of all of the partners.

■ The Greers make further contentions which will arise if this case is retried. The Greers contend that the Dakins' suit on the contract for the sale of the business was a final adjudication of Dakin's claim for payment for the van body included in that contract. The contention is that the prior suit is res judicata as to any claim for any item of property that was included in the contract for the sale of the business, and since the van body was included in that contract, any action relating to payment for the van body is barred. The Greers also contend that the dismissal of the prior suit acted as an accord and satisfaction for any claim for the van body, and finally, that this suit constitutes splitting a cause of action. Inherent in these assertions is the theory that the Dakins' retention of the $4,000 as liquidated damages on the contract for the sale of the business constituted payment to them for the van body. This theory misconstrues the parties' rights upon the Greers' default on the contract to purchase the business. A similar fact situation occurred in *Martin v. Ficklin,* 240 Mo.App. 1225, 227 S.W.2d 69 (1950). The parties entered into a contract for the sale of a grocery store and its stock of goods. The court stated that the down payment was regarded as liquidated damages if the buyer failed to perform his part of the contract. 240 Mo.App. at 1237, 227 S.W.2d at 76[1–7]. The buyer failed to perform, and the seller sold the store and stock of goods to a third party. 240 Mo.App. at 1238, 227 S.W.2d at 76[10, 11]. The buyer contended that the seller abandoned and rescinded their contract when he later sold the store to a third party. The court stated at 240 Mo.App. 1238, 227 S.W.2d 76, 77[10, 11]:

> When a buyer refuses to conclude a contract of sale and repudiates it without fault on the seller's part, under the circumstances here shown, the seller may treat the contract as at an end and may retain the property. In a cash sale, delivery and payment are concurrent, and

without the payment, the title does not pass unless there is a waiver or laches on the seller's part. Plaintiff's later resale of the property did not affect his action for payment of the check for the earnest money (citations omitted).

In this case, the circuit court took judicial notice of the petition and many of the exhibits in the Dakins' suit to compel the Greers to perform the contract for the sale of the business. Nothing indicates a waiver or laches on the Dakins' part which would prevent the title to the property agreed to be sold to remain with the Dakins upon the Greers' failure to perform. The liquidated damages flowing to the Dakins were the damages for the Greers' failure to perform their agreement. The payment of liquidated damages did not pass title to any property mentioned in the contract and as stated in *Martin,* the Dakins retained title to all of such property when the Greers' default operated to treat the contract as at an end. The liquidated damages were simply damages for the Greers' breach, and did not in any way give the Greers any claim to any of the property agreed to be sold in the contract. That being the case, the payment of liquidated damages could not constitute res judicata or any other bar to the Dakins later claiming that the Greers still owed them $700 on the van sale.

At the time the van sale was made, Fred Dakin thought the Greers would own the van body once they had performed the contract to purchase the business. Upon the Greers' default of that agreement, the Greers did not become the owners of the van body, and the Dakins had a claim against the Greers for the $700 allowance given for the van body. On retrial, none of the defenses raised on this appeal concerning res judicata, accord and satisfaction, or the splitting of a cause of action will be available to the Greers.

The judgment is reversed. This cause is remanded with leave to add the other two partners as parties-plaintiff and to amend the petition. *See Justus,* 634 S.W.2d at 570[12].

All concur.