Dahryl McCLAIN, et al.,
**Plaintiffs/Appellants,**

v.

**John William BUECHNER,**
**Defendant/Respondent.**

No. 55659.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 12, 1989.

Kenneth B. McClain, Independence, for plaintiffs/appellants.

Michael M. Flavin, St. Louis, for defendant/respondent.

SATZ, Judge.

Plaintiffs, Dahryl McClain and Harold Chute, appeal the dismissal of their petition. We affirm.

Plaintiffs sued defendant, John W. Buechner, an attorney, in a two count petition, Count I for negligence, commonly referred to as "legal malpractice," and Count II for fraud. In Count I, plaintiffs allege: they "were served with process" on August 25, 1981, in a suit filed in Illinois, in which a Venie Nolan was suing plaintiffs here and four other named parties: "A.D. McClain, Robert R. Dimmitt (Dimmitt), Kenneth B. McClain (K. McClain), and Randall Capelle (Capelle)"; plaintiffs here "were at that time general partners with A.D. McClain, Kenneth B. McClain, and Robert R. Dimmitt," three of the remaining four named defendants in the Illinois suit;[1] plaintiffs here and "their partners retained Defendant John William Buechner, an attorney at law ... to represent their interest" in the Illinois suit; defendant failed to properly "represent the interest of the partnership" in that suit; a "[d]efault judgment was entered against the partnership on or about December 23, 1981, in the amount of $59,715.86."; "[d]efendant's actions were willful, wanton and malicious...." Plaintiffs then pray for actual and punitive damages.

In Count II, plaintiffs reallege the allegations in Count I and in addition allege the necessary elements of fraud. Plaintiffs again pray for actual and punitive damages.

In his answer, defendant, as an affirmative defense in each Count, alleges that "[p]laintiffs have failed to join all necessary and indispensable parties as plaintiffs." Subsequently, on August 31, 1987,[2] A.D. McClain and Dimmitt filed a Joint Motion to Intervene, seeking mandatory or permissive intervention as partners of plaintiffs and of K. McClain and Chute.

Defendant opposed this Motion on two grounds. First, he contended the intervention was barred by a five year statute of limitations, § 516.120, RSMo 1986, because the default judgment in Illinois was entered on December 23, 1981, and the Motion to Intervene was filed on August 31, 1987, more than five years later. *Kueneke v. Jeggle*, 658 S.W.2d 516, 517 (Mo.App. 1983). He also contended that plaintiffs' petition put in issue the rights of the partnership; and, he contended, no adjudication could be made of these partnership rights, even if A.D. McClain and Dimmitt were permitted to intervene, because their intervention would still leave two of the six partners not joined. The Motion to Intervene was denied.

Subsequently, defendant filed a Motion to Dismiss plaintiffs' petition, contending that plaintiffs' "action accrued, if at all, to the partnership as a whole and not to themselves individually. Their claims should be dismissed for failure to join all of the partners as parties-plaintiff." This Motion was granted. Plaintiffs' appeal followed.

Plaintiffs make several arguments on appeal. We address those with the most substance. Disposing of them disposes of the appeal.

■ Plaintiffs argue that the two persons who petitioned to intervene, A.D. McClain and Dimmitt, were partners of plaintiffs and, therefore, were necessary or indispensable parties to plaintiffs' suit. Consequently, plaintiffs argue the petitioning intervenors should have been joined under Rule 52.04.

Moreover, plaintiffs contend "the joinder" of the proposed intervenors should not be precluded by the statute of limitations. § 516.120. First, plaintiffs contend "[t]he limitation period for absent partners is held in abeyance to permit joinder." Second, plaintiffs contend the argument for applying the statute of limitations to preclude

1. Plaintiffs failed to allege Randall Capelle was a sixth partner. However, from the parties' briefs and other relevant pleadings, it appears he was a sixth partner.

2. We take this date from plaintiffs' brief.

joinder is internally inconsistent. To apply the statute of limitations to preclude "the joinder", plaintiffs argue, effectively destroys any interest of the petitioning intervenors in the subject matter of present action. With no viable interest in the action, plaintiffs contend, the petitioning intervenors cannot be "necessary" or "indispensable" parties to the action; and, therefore, plaintiffs argue, they should be permitted to proceed with their action. We disagree.

A.D. McClain and Dimmitt petitioned the trial court to intervene under Rule 52.12. Thus, the issue before the trial court was intervention under Rule 52.12 not joinder under Rule 52.04. The definition of the interest necessary to support intervention under Rule 52.12 does parallel the definition of the interest necessary to support joinder under Rule 52.04. The two Rules are entwined. This, however, does not imply that an "interest" for the purpose of one is precisely the same for the other, nor does it imply the "interest" to satisfy one necessarily satisfies the other. Moreover, A.D. McClain and Dimmitt, the petitioning intervenors in the trial court, did not appeal the denial of their petition to intervene. Plaintiffs, in their appeal, challenge that denial.

However, for our purposes here, we will assume the requested intervention below raised the issue of joinder, and we will also assume the trial court's denial of the requested "intervention/joinder" aggrieved plaintiffs and, thus, made them proper parties to challenge that denial. Plaintiffs still do not prevail.

From plaintiffs' allegations, it is clear a partnership of six partners hired defendant. In Missouri, we follow the aggregate theory of partnership rather than the entity theory. *Ward v. State Farm Mut. Ins. Co.*, 441 S.W.2d 1, 4 (Mo.1969); *Allgeier, Martin & Assoc. v. Ashmore*, 508 S.W.2d 524, 525 (Mo.App.1974). Among other things, this means defendant here made a single promise to perform to the six partners jointly. The six partners, thus, have a joint right against defendant. To enforce that right, the six-partner partnership is not considered to be "a separate or juristic entity ... and, generally, all partners are necessary parties-plaintiffs in actions to enforce an obligation due to partnership." *Allgeier, supra,* at 525. Without all partners being joined, the court has no power to adjudicate the rights of any partner. *Id.*

Requiring all partners to join as parties-plaintiff has been justified on several grounds: "a partnership has no legal existence apart from its membership, but is a mere ideal entity" *Allgeier, supra* at 525; one partner can release and satisfy a claim due a partnership, either before or after suit, and, thus, nothing is accomplished by allowing only one partner to file suit on a claim which a non-party partner could satisfy and thereby render the suit moot. *Dakin v. Greer*, 685 S.W.2d 276, 278 (Mo.App. 1985); an obligation to a partnership makes the partners co-obligees, *Ward, supra* at 4, and permitting a partner, a co-obligee, to enforce an obligation owed to the partners jointly effectively changes the joint obligation to several, separate obligations. *See, Justus v. Webb*, 634 S.W.2d 567, 570 (Mo.App.1982); since the defendant "has made one promise to render but one performance, in most cases, it has seemed just that he should be harassed by but one action in case of an alleged breach." 4 Corbin, *Contracts* § 939 (1951). Whatever the justification, however, the requirement may be viewed either as a substantive matter or a procedural matter.

■ Viewed as a substantive matter, the joint right of the partners is seen as a substantive right to relief under the facts, and the failure to meet the requirement of joining all partners as plaintiffs is seen to be a failure to state a claim upon which relief can be granted. *Dakin, supra*, at 278. Thus, for example, the failure to join all partners as plaintiffs may be raised for the first time on appeal just as the failure to state a claim may be. *Id.*

Viewed as a procedural matter, the joint right of the partners is seen as a procedural right to come into court, and the failure to meet the requirement joining all partners as plaintiffs is seen to be a failure of

484

the "capacity" of the suing partner to bring suit. *See, Wittels v. Dubinsky,* 343 S.W.2d 644, 645–46 (Mo.App.1961). This defect can be remedied by the partner-plaintiff making the other partners parties against their will, if not as formal plaintiffs then as additional defendants. Rule 52.04.

The difference in the method of viewing the requirement may change the outcome of a lawsuit significantly. If viewed substantively, the failure to join all partners fails to state a claim for relief. The failure to state a claim cannot be cured after the applicable statute of limitations has run. Therefore, a claim defective because all partners were not joined to plead that claim cannot be cured by joining the absent partners after the statute of limitations has run. *Don Roth Development Co. v. Mo. Hwy. Comm'n,* 668 S.W.2d 177, 179 (Mo. App.1984).

On the other hand, if viewed as a procedural matter, the failure to join all partners does not affect the validity of the claim as stated. The proper parties simply have not processed the claim. Under Rule 55.33(c), an amendment changing the parties processing a claim after the statute of limitations may relate back, in limited circumstances, to the date the claim was filed. Thus, arguably, joining absent partners as parties-plaintiff after the statute of limitations may be permitted under Rule 55.33(c).

Plaintiffs here would not prevail, however, under either view. The petition to intervene was filed by A.D. McClain and Dimmitt after the statute of limitations had run, and, thus, the intervention·would be barred if the failure to join them prior to the statute running is viewed substantively as a failure to state a claim for relief.

Nor are plaintiffs aided by viewing the failure to join these two partners as a procedural matter. If these two partners were permitted to intervene or to be joined and the intervention or joinder related back to the filing date of plaintiffs' initial petition, there would still be two alleged partners—Capelle and K. McClain—not joined. Plaintiffs have never attempted to join these remaining two partners. Thus, plaintiffs here plus the two intervening partners

would still lack the "capacity" to bring the action here. Neither defendant, the trial court nor this Court is required to seek out possible "necessary" or "indispensable" parties to plaintiffs' action when plaintiffs themselves have made no attempt to bring those parties before the court. *See e.g. Chapman v. St. Louis County Bank,* 649 S.W.2d 920, 922–23 (Mo.App.1983).

Moreover, defendant has, in his answer and motion, consistently asserted the defense that plaintiffs have not joined *all* the remaining partners. Therefore, defendant has effectively raised the defense of plaintiffs' lack of capacity to bring this action and, thus, has not waived this defense. Rule 55.27(g)(1); *compare Fireman's Fund Ins. Co. v. Panco Forwarding, Inc.,* 739 S.W.2d 543 (Mo. banc 1987).

■ Plaintiffs also contend the trial court converted defendant's motion to dismiss into a motion for summary judgment, and, plaintiffs contend, they were not given proper notice the hearing on defendant's motion to dismiss would be a hearing on a motion for summary judgment. More specifically, plaintiffs contend defendant's motion was, in part, based on the defendant's contention that plaintiffs failed to "join all partners in their action", and, plaintiffs contend, support for this contention "went far beyond the allegations on the face of the petition."

Plaintiffs do not state what support was marshaled from facts not alleged in their petition. In their petition, plaintiffs allege: they were *"general partners"* in a six-partner partnership; plaintiffs and *"their partners retained* [d]efendant ..., an attorney at law ... to represent their interest" in the Illinois suit against the six partners; defendant failed to properly "represent the *interest of the partnership"* in that suit; and a "[d]efault judgment was *entered against the partnership* on ... December 23, 1981, in the amount of $59,715.86." (Emphasis added) The trial court assumed these allegations to be true for the purposes of the motion to dismiss, *Young v. Stensrude,* 664 S.W.2d 263, 264 (Mo.App.1984). The allegations, thus, became established facts for purposes of the

motion, and these facts put in issue the joint right of the six partners against defendant. Therefore, the fatal defect of failing to join all the parties to process this joint right is made clear by plaintiffs' petition alone.

Judgment affirmed.

SMITH, P.J., and STEPHAN, J., concur.