## HENRY CHOUTEAU ET. AL. VS. JAMES HEWITT, ET. AL.

1. The statute authorizing amendments to pleadings, &c., does not admit new plaintiffs to be introduced.

2. One of several partners in a chattel may sue and recover for damages to the same, unless defeated by a plea in abatement.

## APPEAL from St. Louis Circuit Court.

SPALDING *for Appellants.*

### POINTS AND AUTHORITIES.

1. The Court erred in permitting the plaintiffs below to amend the declaration by the alteration of the names of some of the plaintiffs, and by the insertion of others; and especially at so late a period as after it had been called for trial. As the suit was originally brought, there were 27 plaintiffs named in the declaration and writ.

*Chouteau, et. al.* vs. *Hewitt, et. al.*

As amended, the declaration contained *thirty-one* names of plaintiffs. 1 Rev. Code, page 467, §1, authorizes *amendment* of any process, pleading, or proceeding in any action; but does not authorize the changing the action; making new parties is a change of the action, not an *amendment* of any *process, pleading* or *proceeding* in it. 2 Tidd. 753—756—758. Graham's Prac. 521 —530. 8 Cowen, 122.

2. It is not like amendments in cases of misnomer, for then the proper persons are parties, and remain parties after the amendment, the name only being changed; but here *four new plaintiffs* are added. 2 John. cases, 336. 1 Chitty, 75—76, as to consequences of not joining all the plaintiffs.

3. The Court below ought to have given the instructions asked for by the defendants below, which instructions were based upon variance in the proof from the declaration. The declaration alleged that *Joseph Anderson,* the defendant, was Master of the Little Red at the time of the accident. The proof was that John G. Anderson was then the Master, but he never was part owner.

4. The plaintiff's instruction is exceptionable. 5 Mo. Rep. 230.

5. The Court below should have set aside the verdict, and granted a new trial. Graham on New Trials, 483—4. 2 Wm. Black. Rep. 955. 5 Mo. Rep. 248, 323, as to filing reasons for new trial, and affidavits after the 4 days, as to cumulative evidence, and what it is. Graham's New Trials, 493. 6 Pick. 114, 417. 4 Wend. 579. Rule as to cumulative evidence relaxed in certain cases, 14 John. Rep. 186. 5 Cowen's Rep. 207. Graham's New Trials as to diligence, page 473 to 477, where the cases are distinguishable from this.

GAMBLE & BATES, *for Appellees.*

POINTS AND AUTHORITIES.

1. The amendment of the declaration was rightly permitted. Revised Code, 467, Art. 6, §1, 2 and 3. In other Courts where the statutes are less comprehensive in the language allowing amendments, the decisions are liberal enough to authorize this amendment. 3 Metcalf, 273. Barker vs. Burgess, 3 Mass. 208. 2 Brock. C. C. R. 14. Again, this matter of amendment is purely discretionary, and not the subject for which writ of error lies. Again, no bill of exceptions lies to such decision. Revised Code, 464, §20, and 2 Tidd. p. 911.

2. The instructions asked by defendants were rightly refused. The difference between the same Anderson, called Master in the declaration, and the person proved to be Master, is no variance between the cause of action in the declaration and that in the evidence.

3. The new trial was properly refused. The first set of reasons assigned apply only to the same subject or point as was embraced in the instructions refused, except the reason that the verdict was against law and evidence. The additional reasons are upon the ground of newly discovered evidence; and the motion so far as it was founded upon those reasons and the affidavits accompanying, was properly overruled. 1st, Because the grounds of the motion apply only to one of the defendants, Chouteau, and the verdict as to the other defendants is not thereby impeached. A verdict is entire, and cannot be set aside in part, 2 Tidd's Practice, 941. 3 Salkeld, 262. Graham's Practice, 517. This is unlike the case of *Brown* vs. *Burrus*, 8 Mo. R. 26. 2nd, Because the depositions proving the fact of injury to have happened on the 15th of May, were on file in the cause years before the trial, and there was most gross negligence in preparing for his defence if he really had one. After such negligence the Court will not grant a new trial, 18 John. R. 489. 7 Mass. R. 207. 10 Wend. 292. 1 Cowen, 359. 8 John. R. 84. 15 John. R. 210. 2 Caine's R. 129. 3rd, Because the affidavits do not show with any precision that there was any material evidence newly discovered. It is but a case of old known facts forgotten—not testimony *newly* discovered.

Chouteau, et. al. vs. Hewitt, et. al.

SCOTT, J., *delivered the opinion of the Court.*

This was an action on the case for a *tort*, brought by the appellees, against the appellants, owners of the steamboat Little Red, to recover damages caused by the negligence of the officers of the steamboat, by which she struck against a flat-boat of the appellees, loaded with salt, and sunk her. The defendants pleaded not guilty. At the trial term, which was a considerable time after the commencement of the action, the plaintiffs applied for leave to amend their declaration on the affidavit of an agent who caused the suit to be brought, stating that he furnished to the attorney of the plaintiffs, the names of the part owners, composing the firm of Hewitt, Ruffner & Co., for the purpose of bringing this suit; that in so doing he omitted the names of four of the partners of said firm; that the partnership was formed on the principles of a joint stock company, each person being interested in proportion to the stock he held; and that sales of interests in the stock of said firm were made by those who were original partners or stockholders to other persons, with which sales the affiant was unacquainted; so that at the time of the accruing of the cause of action in this suit, the persons omitted had become interested as partners. The Court thereupon granted leave to amend the declaration by inserting the names of plaintiffs omitted, and by correcting a mistake in the name of one who was already named. To this an exception was taken.

On a trial a verdict was rendered for the plaintiffs for $3465 68.

A motion for a new trial was made on the ground that Chouteau, one of the defendants, was mistaken in matters of fact, and thus prevented from making his defence. Affidavits in support of this motion were filed.

It was argued for the appellees that the allowance of the amendment can not be assigned for error, for the reason that a bill of exceptions can not be taken to such an act, it not occurring during *the progress of the trial,* the words of the act allowing bills of exceptions. It may be questioned whether a bill of exceptions is in all cases necessary to bring up a record in case of the allowance of amendments, 3 Mass. 208. Be that as it may, the statute relative to bills of exceptions has received a practical construction ever since its introduction into our code, from which it would be unsafe now to depart, and the overturning of which would deprive this Court of the power of reviewing many matters over which its jurisdiction has long extended. We are not prepared to say, that that construction is not warranted by the words of the act. Our

statutes have made great innovations in the common law practice. Many matters may be brought before the Circuit Courts by motion, upon which there may be a final decision, upon which a writ of error will lie. These motions may be made before a jury is sworn in a cause, or before it is submitted to the Court, and even when there is regularly no action pending. How can the decisions in such cases be reviewed in this Court unless a bill of exceptions is allowed? By the common law a writ of error lies on all final judgments of Courts of record. Our statute has gone farther, and allowed them upon any final judgment or decision in any case. Many motions may be made, on the decision of which a writ of error will lie. Our books of reports from the oldest to the latest abound with cases in which bills of exceptions have been taken on other occasions than during the progress of a trial of the issues by the Court or jury.

On the propriety of the amendment itself this Court must say that it ought not to have been permitted. By the common law, independently of any statutory provision on the subject, amendments are in all cases in the discretion of the Court for the furtherance of justice. At common law, until a final judgment is entered, and the term past, amendments could be made, but after the term at which a judgment is entered, amendments can only be made by the statutes of *jeo fails*, 3 Black. 407. Graham's Practice, 524. When the amendment was made in this case, it was in such a state, that if the amendment was warranted at all, it was warranted by the common law, for our statute of amendments, so far as amendments are concerned, whilst the proceedings are *in fieri*, is merely declaratory of the common law. Now if by the common law amendments of the character made in this case were allowed, is it not obvious that much of the learning in the books on the subject of parties would have been useless, and instead of the labored essays on this branch of the law we meet with, the subject might have been disposed of in a much more summary way. The consequence of not joining a plaintiff as a party, is shown in all the elementary works on pleading; but we have not been enabled to find where it is said that the omission can be obviated by an amendment. If it were allowable, it would certainly have been somewhere suggested. There is nothing in the affidavit which was the foundation of the motion to amend, which might not be alleged by every one making such applications, and if it were allowed, rules sanctioned by the profession from time immemorial would be subverted. Mistakes in the names of parties have been amended; but to allow new plaintiffs or defendants to be inserted in a declaration

by way of amendment, would be going a length wholly unprecedented. The fact that the plaintiffs in this case were a company consisting of many individuals, does not vary the principle. The names of all the individuals composing a firm or company not incorporated, must be set forth with certainty in the declaration.

Amendments in matters in which they are allowable, are so much in the discretion of the Circuit Courts, that this Court has of late manifested great reluctance to interfere with the action of these Courts on the subject. A liberal discretion should be exercised in the allowance of amendments in furtherance of justice. In matters wherein amendments are allowable, it would require a strong case to provoke the interference of this Court; but when Courts depart so far from principle as to permit amendments, in matters wherein amendments are not allowable, a concern for the preservation of rules which have always been deemed necessary to uphold the science of pleading which is so necessary to a correct administration of the law, must induce such action on the part of this Court as will preserve ancient and established principles.

, This being an action *ex delicto*, and as the non joinder of the plaintiffs who were omitted could only be taken advantage of by plea in abatement, it being clear that one of several partners of a chattel may sue and recover, unless the action is defeated by plea in abatement, Addison vs. Overend, 6 Term 766—the judgment will be reversed, and the cause remanded, Judge NAPTON concurring.