N.E. & R. PARTNERSHIP, the General Partner of Treasure Lake R.V. Resort, a Limited Partnership, d/b/a Treasure Lake Vacation Resort, Plaintiffs–Appellants,

v.

Bill STONE and Jeanette Stone, Defendants–Respondents.

No. 15338.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 19, 1988.

Gene Wayne Redding, Springfield, for plaintiffs-appellants.

Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for defendants-respondents.

PREWITT, Presiding Judge.

The question presented is whether an action in behalf of a limited partnership may be brought in the name of a partnership which is the general partner without naming the general partners of the latter partnership. The trial court dismissed plaintiffs' petition for failure to name the general partners.

Missouri follows the common law or aggregate theory of partnership under which, absent statutory authority, a partnership cannot sue in its name and all partners are necessary parties-plaintiff in actions to enforce an obligation due the partnership. *Allgeier, Martin and Associates v. Ashmore,* 508 S.W.2d 524, 525 (Mo. App.1974). The Uniform Partnership Law, ch. 358, RSMo 1986, did not change that rule. *Id.* Some states agree. See, for example, *McCormick v. Romans,* 214 Va. 144, 198 S.E.2d 651, 653–654 (1973). However, states which have adopted the Uniform Partnership Act split on whether the action may be maintained in the partner-

ship name. See 59A Am.Jur.2d Partnership, § 698 (1987).

There are two sections of chapter 359, RSMo 1986, The Uniform Limited Partnership Law, which purport to set forth "rights and liabilities of general partners". They are § 359.090, repealed effective January 1, 1989 and § 359.251 which became effective January 1, 1987. Section 359.090 provides that "[a] general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners," except for matters not relevant here. Section 359.251.1 states that "[e]xcept as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners."

Appellants, as the plaintiff partnership has denominated itself, agree that Missouri case law would seem to require that all general partners of a limited partnership be named. They contend that under amendments to chapter 359, effective January 1, 1987, this requirement has been changed and joining the general partners is no longer necessary. The petition was filed on April 13, 1987. The added sections that appellants rely on are §§ 359.081, 359.-041, and 359.091. Those will be discussed in that order.

■ Section 359.081, RSMo 1986, states:
"Limited partnership shall sue and be sued.—A limited partnership shall sue and be sued, complain and defend in any court of law or equity."

In support of its argument that this section changes the rule in Missouri, appellants cite statutes and cases from other jurisdictions which allow suits in the partnership name. They are not helpful and we see no reason to lengthen this opinion by referring to them. In those cases the relevant statute was explicit that the action could be brought in the name of the partnership. Section 359.081 does not so state. It says the limited partnership shall sue and be sued but does not set forth in what name or how. If the legislature had wanted to change the existing law they could have easily added words such as "in the partnership name". This would have removed all doubt.

■ Section 359.041.1(2) requires that a limited partnership have a registered agent and registered office "for service of process on the limited partnership". This may indicate that a limited partnership may be sued in its name. However that is not expressly stated. Of course, here there was no attempt to bring the suit in the name of the limited partnership. The question is whether the general partnership who brought the action in its name must name its general partners.

■ Section 359.091 requires that a certificate be filed with the secretary of state in order to form a limited partnership. However, there is nothing in that section to indicate how such a partnership must be sued.

Section 359.260, RSMo 1986 (repealed effective January 1, 1989), states:
"Parties to actions.—A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."

A fair inference from this section is that a general partner is a proper party to a proceeding by or against a partnership. Whether general partners are required in such an action could still be questioned.

■ We conclude that the addition of the sections upon which appellants rely do not aid them and that as the general partners were not parties-plaintiff, the trial court properly dismissed the petition. Had any of the sections on which appellants rely been intended to change the rule on how actions by a partnership are brought, they could have expressly done so. As they do not, we cannot find that a change was intended.

In construing a statute a principle generally followed is that common law rules are not changed except by the express terms of

a statute or by necessary implication. *Rozelle v. Harmon*, 103 Mo. 339, 15 S.W. 432 (1891); *Norfolk Redevelopment and Housing Authority v. Chesapeake & Potomac Tel. Co.*, 464 U.S. 30, 35, 104 S.Ct. 304, 307, 78 L.Ed.2d 29 (1983); *United Bank v. Mesa N.O. Nelson Co.*, 121 Ariz. 438, 590 P.2d 1384, 1388 (1979); *City of Pensacola v. Capital Realty Holding Co.*, 417 So.2d 687, 689 (Fla.App.1982); *Schwartz v. City of Chicago*, 21 Ill.App.3d 84, 315 N.E.2d 215, 223 (1974); *Levine v. Levine*, 48 Misc. 2d 15, 263 N.Y.S.2d 997, 1002 (1965), *aff'd* 50 Misc.2d 39, 269 N.Y.S.2d 243 (1966); 15A Am.Jur.2d Common Law § 18, p. 619 (1976); 15A C.J.S. Common Law § 12, pp. 53–54 (1st reprint 1973). See also *Huff v. Union Elec. Co.*, 598 S.W.2d 503, 511 (Mo. App.1980) (In a close question a statute should be weighed in favor of retention of the common law right of action); *Watkins v. Wattle*, 558 S.W.2d 705, 711 (Mo.App. 1977) (Statutes in derogation of the common law are strictly construed).

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.