**SARASOHN & COMPANY, INC., Appellant,**

**and**

**Adjusters International Missouri, Inc., Ibur Group, Inc., and Sarasohn–Ibur Group, Plaintiffs/Appellants,**

**v.**

**PRESTIGE HOTELS CORPORATION, Say–Web, a Missouri partnership, and Victor Sayyah, Defendants/Respondents.**

**No. 70681.**

Missouri Court of Appeals, Eastern District, Division Two.

April 29, 1997.

Louis J. Basso, Louis J. Basso, P.C., St. Louis, for appellant.

Jay A. Summerville, Andrew B. Mayfield, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

GERALD M. SMITH, Judge.

Plaintiffs, Adjusters International Missouri, Ibur Group, Inc. and Sarasohn–Ibur Group, appeal from a summary judgment against them and in favor of defendants, Prestige Hotels Corporation, Say–Web, and Victor Sayyah. Their claim sought to recover under a contract to adjust losses as a result of a fire in a building owned or soon to be owned by defendants. Sarasohn & Company appeals separately from the trial court's denial of its motion to intervene in the underlying action. The appeals have been consoli-

dated. We dismiss the appeal of Sarasohn & Company. We reverse the summary judgment on the merits of the litigation but affirm the judgment to the extent it constituted a dismissal of plaintiffs' petition.

A fire occurred at the Gateway Hotel on February 12, 1987, resulting in substantial damage. The hotel was owned by Say–Web Partnership. Victor Sayyah was a partner in that partnership. At the time of the fire the hotel was under contract to be sold to Prestige Hotels Corporation, of which Victor Sayyah was the president, sole director, and sole shareholder. The Gateway was covered by a fire insurance policy issued by American Insurance Company, a wholly owned subsidiary of Fireman's Fund Insurance Company.

Ibur Group, Inc. is a public adjusting firm incorporated in Missouri. In 1986 it entered into a "joint venture" agreement with Sarasohn & Company, a New Jersey Corporation, to adjust certain losses. The joint venture was known as Sarasohn–Ibur Group. Under the agreement Ibur Group was obligated to share the adjustment of any Missouri fire loss exceeding $150,000 with Sarasohn & Company and to divide the fee equally.

Say-Web entered into an agreement with Sarasohn–Ibur Group to adjust the Gateway loss. Sarasohn–Ibur was to receive 5% of the amount of a successful adjustment of that loss. Sarasohn–Ibur estimated the loss and that estimate, reduced by almost half after consultation with an expert retained by Say–Web, was submitted to American. It was rejected.

Subsequently, Prestige and Say–Web sued American and obtained a jury verdict of $6.7[1] million which was reduced by the trial court to $4.4 million. Subsequently a settlement was reached which covered the fire claim and other claims of Sayyah personally. That settlement was for $6 million of which $2.2 million was in settlement of the fire claim judgment.

Leslie Ibur was the original founder of Ibur Group. His son, William, formed Adjusters International Colorado, Inc. (AI–Colorado) in 1991. In 1992 he formed Adjusters International Missouri (AI–Missouri). In 1992 Ibur Group executed an assignment to A–I Colorado of all rights and claims Ibur Group had against Sayyah, Prestige, and Say–Web arising out of the Gateway fire loss. The assignment was not executed by Sarasohn & Company.

In June 1992 AI–Colorado brought suit in Colorado against Prestige, Sayyah and American and Fireman's based on the adjustment contract.[2] The record does not indicate that any defendants other than American and Fireman's Fund were served. The court in Colorado granted summary judgment in favor of those defendants.

The suit before us was originally brought only by "Adjusters International". The first amended petition added Ibur Group and Sarasohn–Ibur Group as plaintiffs. In a second amended petition "Adjusters International" became AI–Missouri. In answer to the second amended petition defendants asserted as affirmative defenses (1) that plaintiffs had failed to join Sarasohn & Company; (2) that Sarasohn–Ibur Group was not a licensed public adjuster in Missouri; and (3) that Sarasohn–Ibur Group had not successfully adjusted the loss.

Plaintiffs then sought to file a third amended petition to add AI–Colorado, Leslie Ibur, William Ibur, and Betsy Ibur as plaintiffs. It also sought to add several other theories of recovery, all based on the adjustment of the Gateway fire loss. The court denied leave to file the third amended petition.

Defendants filed their motions for summary judgment based upon all three of the previously pleaded affirmative defenses. Sarasohn & Company alone then filed its "Motion for Joinder", which the parties have treated here as a motion to intervene. The court denied that motion and granted defendants' motion for summary judgment. The court found that "plaintiffs are not the proper parties and have no standing to bring this action...." It also found as a matter of law that defendants had established their two

---

1. The amounts set forth in this paragraph have been rounded to the nearest tenth of a million.

2. Sayyah was a resident of Colorado.

affirmative defenses directed to the merits. These appeals followed.

## PLAINTIFFS' APPEAL

The plaintiffs listed in the second amended petition were Adjusters International Missouri Inc., Sarasohn–Ibur Group, and Ibur Group Inc.

■ Plaintiffs alleged that Adjusters International Colorado Inc. was the assignee of the joint venture's rights arising out of the breach of the adjustment agreement and that Adjusters International Colorado Inc. is "registered in Missouri as Adjusters International Missouri, Inc.". Plaintiffs admitted in their response to defendants' motion for summary judgment that the two corporations are distinct. The purported assignment of the joint venture's rights was to AI–Colorado and nothing of record suggests that AI–Colorado is registered in Missouri as AI–Missouri, if such is possible.

■ Further, the purported assignment was made only by Ibur Group, one of the parties to the joint venture. A joint venture is a species of partnership and is governed by the same legal rules. *Ballinger v. Gascosage Electric Cooperative,* 788 S.W.2d 506 (Mo.banc 1990)[10](overruled on other grounds in *Zueck v. Oppenheimer Gateway Properties, Inc.,* 809 S.W.2d 384 (Mo.banc 1991)[1] ). Under partnership law, a partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property. § 358.250(2) RSMo 1994. Ibur Group had no power to assign its cause of action on the adjustment contract to AI–Colorado without Sarasohn & Company joining in the assignment. There was no valid assignment of the adjustment contract to either of the AI corporations and AI–Missouri had no standing to bring an action.

■ The second plaintiff is Sarasohn–Ibur Group which is the name given to the joint venture. As stated previously a joint venture is treated legally as a partnership. Under Missouri law a partnership is not regarded as a separate legal entity and cannot sue or be sued. *Snyder Brothers Company v. Library Landholders, Inc.,* 718 S.W.2d 633 (Mo.App.1986)[7]. Sarasohn–Ibur Group also lacked standing to bring this action.

■ The remaining plaintiff is Ibur Group. As a member of the joint venture it is a proper party to bring the action if joined by the other member of the joint venture, Sarasohn & Company. It cannot, however, sue to enforce the contract on its own. All partners are necessary parties-plaintiff in an action to enforce obligations due the partnership. *N.E. & R. Partnership v. Stone,* 745 S.W.2d 266 (Mo.App.1988)[1]. One partner may not sue alone on an obligation due the partnership. *Dakin v. Greer,* 685 S.W.2d 276 (Mo.App.1985)[1–3]. Without the joinder of Sarasohn & Company, Ibur Group was not a party with standing to bring the action.

In *McClain v. Buechner,* 776 S.W.2d 481 (Mo.App.1989)[2] we discussed the effect of a failure to join all of the partners in a partnership. We held that the requirement of all partners being joined could be viewed as either a substantive requirement or a procedural requirement. *See Poetz v. Klamberg,* 781 S.W.2d 253 (Mo.App.1989)[2] (interpreting *McClain* ). As a substantive requirement the absence of all partners results in a failure to state a claim; as a procedural requirement it results in an absence of capacity to bring the action. Essentially, either amounts to an absence of jurisdiction to adjudicate the cause of action. *Poetz, supra* at [2].

■ In the absence of a party having standing to bring this action the court lacked jurisdiction to adjudicate the merits. *Western Casualty and Surety Company v. Kansas City Bank and Trust Company,* 743 S.W.2d 578 (Mo.App.1988)[2]. The summary judgment purported to rule on the merits of the controversy. The court properly found that no plaintiff had standing to bring the action and the proper disposition of the case was to dismiss the petition.

## SARASOHN & COMPANY APPEAL

■ We turn to the Sarasohn & Company appeal. It filed a "Motion for Joinder" under Rule 52.04 after defendants' motion for summary judgment had been filed. On appeal the parties treat this as a motion to inter-

vene. The order of the trial court denying the motion for joinder (intervention) carried no delineation of what it was. It simply stated, without any heading "Motion of Sarasohn and Company to intervene, having been called, heard, submitted and considered, is hereby ordered denied."

 An order denying a motion to intervene is appealable. *State ex rel. Strohm v. Board of Zoning Adjustment of Kansas City,* 869 S.W.2d 302 (Mo.App.1994)[1]. Rule 74.01(a) defines a "judgment". It provides:

(a) **Included matters.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Unless the order is denominated a "judgment" in some document signed by the court it is not a judgment for purposes of appeal. *In re Marriage of Berger,* 931 S.W.2d 216 (Mo.App.1996)[3]; *Kessinger v. Kessinger,* 935 S.W.2d 347 (Mo.App. 1996)[2,3]; *Linzenni v. Hoffman,* 937 S.W.2d 723 (Mo.banc 1997) l.c. 726; *Chambers v. Easter Fence Company, Inc.,* 943 S.W.2d 863 (Mo.App.E.D., 1997). Nowhere in the record in this case, including the docket entries, is the denial of the motion to intervene denominated a judgment. Under the rules it is not therefore a judgment for purposes of appeal. The appeal of Sarasohn & Company is dismissed.

### OTHER MATTERS

Plaintiffs also seek to have us rule on the correctness of the trial court's action in denying leave to file the third amended petition. They place reliance upon *Western Casualty, supra,* and seek our remand to allow the filing of that petition. This case differs from *Western Casualty* in that the third amended petition did not purport to plead any facts which would establish standing by the plaintiffs. There is no basis for us to remand the case to authorize the filing of a pleading which would not alter the result reached. There has been no request to file an amended petition which would correct the standing deficiencies.

The summary judgment is reversed. The petition of the plaintiffs is dismissed for lack of standing. The appeal of Sarasohn & Company is dismissed.

CRANE, P.J., and PUDLOWSKI, J., concur.