Jason MOXNESS, Respondent,

v.

John HART, Defendant, Dee A. Hart, Defendant,

Northland Auto Brokers, L.L.C., Gregory Barnes and Gregory Barnes d/b/a Northland Auto Brokers, L.L.C., Appellants.

No. WD 62509.

Missouri Court of Appeals, Western District.

April 13, 2004.

Jeffrey S. Eastman, Gladstone, for Appellant.

Howard S. Levitan, Prairie Village, for Respondent.

Before HOWARD, P.J.,
LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Northland Auto Brokers, an *alleged* L.L.C., Gregory Barnes, and Gregory Barnes doing business as Northland Auto Brokers, L.L.C. appeal from the trial court's denial of their motion to intervene as of right in a garnishment action. Because Gregory Barnes had a right to intervene but Northland Auto Brokers did not,

the judgment is affirmed in part and reversed in part.

## FACTS

The respondent, Jason Moxness obtained a default judgment against John and Dee Hart for $181,390 in Johnson County Kansas District Court. Moxness, pursuant to the Uniform Enforcement of Foreign Judgments Law, Section 551.760, RSMo.2000 [1] registered the judgment in Clay County Circuit Court. Moxness had a garnishment summons issued to the garnishee, Lawson Bank, a notice of which was sent to the judgment debtors. In answers to interrogatories, the Bank stated it held an account of "Northland Auto Brokers L.L.C." (Northland), containing $30,773 on which the Harts and appellant Gregory Barnes had the ability to withdraw. The garnishee's answer noted that Northland was not registered nor authorized as a limited liability company in Missouri, but was registered under the Fictitious Name Act. The Bank then paid the amount in the account into court.

Appellants timely moved to intervene as a matter of right, under Rules 90.09(b) and 52.12(a) [2], claiming that "Northland Auto

1. All Statutory references are to RSMo. (2000) unless indicated otherwise.

2. Both rules are set out fully here and discussed *infra*.

   **52.12. Intervention**

   (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

   (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law of fact in common; or (3) when the validity of a statute, regulation or constitutional provision of this state, or an ordinance or regulation of a governmental subdivision thereof, affecting the public interest, is drawn in question in any action to which the state or governmental subdivision thereof or an officer, agency or employee thereof is not a party, the court may in its discretion notify the chief legal officer of the state or governmental subdivision thereof and the state or governmental subdivision may in the discretion of the court be permitted to intervene, upon proper application.

   (c) Procedure. A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

   **90.09. Claims of Third Parties—Notice—Intervention**

   (a) Notice to Third Parties. If the garnishee's answers to interrogatories disclose that any person other than the debtor and the garnishor claims an interest in all or part of the property subject to garnishment, then the garnishor shall attempt to notify such person of the pendency of the garnishment proceeding and of the right to intervene therein within the time allowed in Rule 90.09(b). Such notification shall be served by mailing the notice by registered or certified mail, requesting a return receipt signed by the addressee only, to the last known address, if any, of each such person disclosed in the garnishee's answers to interrogatories within ten days after service of the garnishee's answers to interrogatories.

   (b) Intervention. Any person who claims an interest in the property subject to garnishment may intervene pursuant to Rule 52.12. Persons notified of the garnishment proceeding as provided in

Brokers, L.L.C., Gregory Barnes, and/or Gregory Barnes d/b/a Northland Auto Brokers, L.L.C." were the "sole and exclusive" owners of the bank account. The intervenor's motion was not served on the Harts, who had defaulted in the underlying Moxness lawsuit, and they made no response to the registration of judgment in Clay County. The Garnishor, Moxness, did not file a responsive pleading to the intervention motion.

At the hearing on the motion, Moxness's attorney gave three reasons why the motion should be denied: (1) Northland Auto Brokers was not a properly organized or registered limited liability company, according to the records of the Secretary of State; (2) the Harts were able to withdraw money from the account; and (3) the appellants' motion did not have a pleading attached and did not indicate that the Harts had been noticed. The trial court agreed with the first two reasons and denied appellants' motion. Appellants then filed this appeal.

■ Since this was an appeal from the denial of a motion to intervene as a matter of right under Rule 52.12(a), it is a final and appealable judgment. *State ex. rel Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978); *In re: M.M.P.,* 10 S.W.3d 195, 197 (Mo.App.2000).

## Standard of Review

■ The denial of a motion to intervene as of right under Rule 52.12(a) must be affirmed unless it is against the weight of the evidence, it is unsupported by sufficient evidence, or it either misinterprets the law or misapplies the law. *In re Liquidation of Prof'l Med. Ins. Co.,* 92 S.W.3d 775, 778 (Mo. banc 2003).

## Analysis

■ In seeking to intervene, a movant must file a timely application and must prove the existence of all the elements warranting intervention as a matter of right. *Id.* In the absence of a statute giving the movant an unconditional right to intervene, these elements are: (1) an interest relating to the property or transaction that is the subject of the action; (2) an impairment or impediment of the movant's ability to protect the interest absent intervention; and (3) the existing parties' inability to represent the movant's interest. *Id.* Rule 90.09(b) provides that "[a]ny person who claims an interest in the property subject to garnishment may intervene pursuant to Rule 52.12." Rule 52.12(a) provides, among other things, that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene[.]" Here, there is such a statute, Section 525.090, which states, "Any person claiming property, money, effects, or credits attached in the hands of a garnishee, may interplead in the cause, as provided by law in attachment cases ..." [3]

---

Rule 90.09(a) shall move to intervene within fifteen days after receiving the notice.

**3.** At first blush, it appears that Section 525.090 is not an *intervention* statute because it speaks about "interplead[ing] in the cause." An interpleader is normally thought of as "[a] suit to determine a right to property held by a usually disinterested third party (called a *stakeholder*) who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership," Black's Law Dictionary 823 (7th ed. 1999); and intervention as "[t]he entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Id.* at 826. The caselaw, however, treats "interplead in the cause," as used in Section 525.090, as identical in meaning to "intervene." *See Brown v. Maguire's Real Estate Agency,* 343 Mo. 336, 121 S.W.2d 754, 757

Appellants claim, in their first point, that Section 525.090 gave them a right to intervene. Gregory Barnes (one of the appellants) is a person. He is claiming that he owns "property, money, effects, or credits attached in the hands of a garnishee," namely, the money in the Northland account. He was, therefore, entitled to intervene as a matter of right; the trial court's conclusion to the contrary was a misapplication of the law to the facts. Though Barnes was doing business under a fictitious name, the name was registered with the Secretary of State, according to the trial court, as required by Section 417.200, so his use of a fictitious name could not prevent him from moving to intervene. *See also Phillips v. Hoke Constr., Inc.*, 834 S.W.2d 785, 788 (Mo. App.1992) (holding that individual doing business under fictitious name could sue for breach of contract under fictitious name, although name was not registered as required by Section 417.200). Therefore, the motion by Gregory Barnes was improperly denied.[4]

Whether Northland Auto Brokers, L.L.C., had the capacity to intervene is less clear. Northland Auto Brokers claims that even if it is not a corporation, it might be a partnership—what kind appellants don't say. A registered limited liability partnership may sue in its own name, § 358.150.5, but the Secretary of State does not recognize Northland Auto Brokers as being registered. If Northland Auto Brokers is a general partnership, it cannot sue in its own name, *Sarasohn & Co. v. Prestige Hotels Corp.*, 945 S.W.2d 13, 16 (Mo.App.1997). Since the motion did not list the names of the partners, Northland Auto Brokers *qua* partnership did not have the capacity to sue—that is, intervene. *See infra.* Nor can Northland Auto Brokers avail itself of the protections of Rule 55.14 (and Section 509.150). Rule 55.14 states, "When parties sue or are sued as a partnership, and the names of the partners are set forth in the petition or counterclaim, the existence of the partnership shall be deemed confessed unless it be denied by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Again, Northland Auto Brokers did not seek leave to intervene as a partnership (but rather as a limited liability company); and the names of the partners were not set forth in Northland's pleading. Hence, the burden to prove that Northland Auto Brokers had the legal capacity to sue as a partnership was the appellants. There is nothing in the suggestions filed by the appellants even mentioning the possibility that Northland Auto Brokers—which was described as an "L.L.C."—might be a partnership.

The trial court thus did not err in refusing to allow Northland Auto Brokers to intervene as a general partnership.

The trial court concluded that because Northland Auto Brokers was not a registered corporation or limited liability

(1938); *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29, 31 (Mo.App.1969); *Harrison v. Harrison*, 339 S.W.2d 509, 517 (Mo.App. 1960).

4. Gregory Barnes doing business as Northland Auto Brokers, L.L.C. is not a distinct party from Gregory Barnes. The designation "doing business as," "d.b.a.," or "d/b/a" merely refers to a name under which a party does business. See Section 417.200. "Individuals cannot acquire a corporate existence,

either *de jure* or *de facto*, by merely adopting a name importing a corporation and assuming to act as a corporation without any color of lawful authority[.]" *A.W. Mendenhall Co. v. Booher*, 226 Mo.App. 945, 48 S.W.2d 120, 122 (1932). It is thus unnecessary for this court to say that Gregory Barnes d/b/a Northland Auto Brokers, L.L.S.—designated an appellant—may intervene. It is enough to say that Gregory Barnes may intervene.

company it could not intervene. However, legal capacity to sue is waived unless controverted by specific negative averment, *Student Loan Mktg. Ass'n v. Holloway*, 25 S.W.3d 699, 704–705 (Mo.App.2000) (citing and quoting Rule 55.13); *Bd. of Regents of Southwest Mo. State University v. Harriman*, 792 S.W.2d 388, 393 (Mo.App.1990) (distinguishing between standing to sue and capacity to sue), and Moxness never filed a responsive pleading, let alone specifically averred why the Northland Auto Brokers did not have the capacity to sue as a corporation. Moxness waited till the hearing on appellants' motion to assert the incapacity defense.[5]

Nevertheless, since Northland Auto Brokers did not argue the point, to the trial court or to this court, it has been waived. Moreover, since "Northland Auto Brokers" is just a fictitious name under which Gregory Barnes does business (and, at least on the record before this court, is neither a corporation nor a partnership), it could not be aggrieved by the trial court's refusal to allow "it" to intervene. *Berlin v. Pickett*, 100 S.W.3d 163, 167 (Mo.App. 2003) ("Unless aggrieved by a judgment, a party has no standing to appeal.")

To summarize: Gregory Barnes was entitled to intervene. Northland Auto Brokers was not.

None of the arguments Moxness makes against allowing appellant to intervene has merit. Moxness claims that appellants have not complied with Section 521.520's requirement that parties seeking to intervene verify their claim by affidavit. However the appellants were proceeding under Section 525.090 (dealing with garnish-

ments), not Section 521.520 (dealing with attachments).

It is also true, as Moxness notes, that Rule 52.12(c) requires, with some exceptions not applicable here, that "all parties affected thereby" be served a copy of the motion to intervene, and the Harts (who as judgment debtors were interested parties) were not served. However, Moxness has not explained, either in this court or in the trial court, how the appellants' failure to notice the Harts aggrieved him. Thus, Moxness did not have the standing to argue the inadequacy of notice to the Harts. *See Williamsburg Truck Plaza v. Muri*, 882 S.W.2d 346, 349 (Mo.App.1994); *Union Mut. Ins. Co. v. Brown*, 809 S.W.2d 144, 147 (Mo.App.1991).

Moxness next argues that the appellants did not file a pleading to accompany their motion to intervene, as required by Rule 52.12(c). Rule 52.12(c) provides that "[t]he motion [to intervene] ... shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Under the rules, a pleading "means any complaint, answer, reply, application, protest, petition for review, or motion." Rule 1.03(g). Rule 1.03(g) has never been held to be exclusive and, by its own terms, does not state that it is exclusive. The Eastern District, in interpreting Supreme Court rules, has also defined a pleading as the "formal allegations by the parties to a lawsuit of their respective claims and defenses, with the intended purpose being to provide notice of what is to be expected at trial." *Gerlach v. Mo. Comm'n on Human Rights*, 980 S.W.2d 589, 591 (Mo.App.1998) (quoting BLACK'S

---

5. One may wonder whether capacity to sue includes the capacity to move to intervene. Capacity to sue is not limited to filing petitions and counter-claims; it has been broadly defined as "the right to avail himself access to the courts because he is without any general disability (e.g., infancy or insanity)." *Lake*

*Arrowhead Prop. Owners Ass'n v. Bagwell*, 100 S.W.3d 840, 842 n. 4 (Mo.App.2003) (internal quotation marks omitted); *Call v. Heard*, 925 S.W.2d 840, 850 (Mo. banc 1996). A motion to intervene is clearly a an attempt to "avail [oneself of] access to the courts ..."

LAW DICTIONARY 1152 (6th ed. 1990)). Appellants' suggestions, which contain a short and plain statement of facts and a demand to intervene, are a pleading under this definition. It is also notable that suggestions in support of motions have often been denominated pleadings. *See, e.g., Wichita Falls Prod. Credit Ass'n v. Dismang,* 78 S.W.3d 812, 815 (Mo.App.2002) ("Here Appellants merely filed a responsive pleading entitled 'Suggestions in Opposition' . . ."); *Yahne v. Pettis County Sheriff Dep't,* 73 S.W.3d 717, 719 (Mo.App.2002) ("Suggestions in support of or opposing a motion are not the type of pleadings in which to properly assert an affirmative defense of matter of avoidance."). *See also* Rule 55.04 ("No technical forms of pleading or motions are required.").

Appellants' suggestions were not separate from the motion to intervene, but Rule 52.12(c) does not require separateness, only that the pleading accompany the motion. And as the appellants point out, it would be pointless to interpret Rule 55.12(c) as requiring the suggestions to be filed as a separate document. Such an interpretation would be unreasonable, and in interpreting Supreme Court rules, this court must avoid interpretations that are unjust, absurd, or unreasonable. *State ex rel. Nixon v. Premium Standard Farms,* 100 S.W.3d 157, 162 (Mo.App.2003), *State ex rel. Streeter v. Mauer,* 985 S.W.2d 954, 956–57 (Mo.App.1999).

The judgment of the trial court denying appellants' motion to intervene is reversed in part and affirmed in part. On remand, the trial court shall allow Gregory Barnes to intervene in the garnishment action. Costs divided equally.

All concur.