**UNIFUND CCR PARTNERS,**
**Appellant,**

**v.**

**Patsy A. KINNAMON and Michael Francis Hawkins, Sr.,**
**Respondents.**

**Nos. WD 73547, WD 73548, WD 73769.**

Missouri Court of Appeals,
Western District.

July 17, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2012.

Application for Transfer Denied
Dec. 18, 2012.

---

Thomas M. Martin, Jason C. Bache, Kansas City, MO, for appellant.

Marsha A. Friedman, Ray Edward Sousley, Gregory E. Eufinger, and Stephen B. Small, Kansas City, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., ALOK AHUJA, J. and DALE YOUNGS, Sp. J.

ALOK AHUJA, Judge.

In 2005 and 2006, Unifund CCR Partners, a general partnership, filed three lawsuits in the associate circuit division of the Circuit Court of Cass County to collect on credit-card debts. Two of the suits were filed against Respondent Patsy Kinnamon, and one against Respondent Michael Hawkins. None of the petitions listed any of Unifund's partners as parties-plaintiff, or otherwise identified Unifund's partners. After service of process on each Respondent, and the Respondents' failure to answer or otherwise defend, Unifund obtained default judgments in each case in 2005 and 2006.

In December 2010, the Respondents moved to vacate the default judgments, arguing that, as a general partnership, Unifund lacked standing to maintain the actions in its own name. The circuit court granted all three motions. It concluded

that, because Unifund lacked standing to sue, the judgments entered in its favor were "void at [their] inception." Unifund appeals.

We consolidated the three cases for review, and now reverse. The Respondents' challenges to the default judgments raise issues concerning Unifund's capacity to sue, not its standing. These arguments do not implicate the trial court's subject-matter jurisdiction. Therefore, the default judgments entered in Unifund's favor were not "void," and the trial court had no authority to set those judgments aside, five years after their entry.

## Standard of Review

■ Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion. However, whether a judgment should be vacated because it is void is a question of law that we review de novo. *Ware v. Ware*, 337 S.W.3d 723, 725 (Mo. App. E.D.2011) (citations omitted).

## Analysis

■ Unifund argues that the Respondents' motions to vacate raised the issue of Unifund's capacity to sue, rather than its standing. According to Unifund, this capacity argument was a non-jurisdictional affirmative defense, which would not render the default judgments "void." We agree.[1]

■ Missouri adheres to the common-law "aggregate theory of partnership." *See, e.g., Scott v. Edwards Transp. Co.*, 807 S.W.2d 75, 79 (Mo. banc 1991).[2] The ag-

1. Respondents argue that we should dismiss the appeals, because Unifund lacks standing to prosecute the appeals in its own name. Because we conclude that Respondents waived any objection to Unifund's capacity to sue when they defaulted, dismissal of the appeals is unwarranted.

2. Overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003).

gregate theory holds that a general partnership has no legal existence separate from its members (in contrast to the rival "entity theory"). *See Eisenberg v. Redd,* 38 S.W.3d 409, 411 (Mo. banc 2001); *McKinney v. Truck Ins. Exchange,* 324 S.W.2d 773, 775 (Mo.App.1959). Missouri's adoption of the Uniform Partnership Law (chapter 358, RSMo) did not change the nature of Missouri partnerships. *See Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 671 (Mo. banc 1993) ("Under Missouri's version of the Uniform Partnership Act, a partnership is not a legal entity separate from the individual partners.").

One consequence of the aggregate theory is that a general partnership has no authority to sue in the firm name alone.

> In Missouri, we follow the aggregate theory of partnership rather than the entity theory. Among other things, this means defendant here made a single promise to perform to the six partners jointly. The six partners, thus, have a joint right against defendant. To enforce that right, the six-partner partnership is not considered to be a separate or juristic entity and, generally, all partners are necessary parties-plaintiffs in actions to enforce an obligation due to partnership. Without all partners being joined, the court has no power to adjudicate the rights of any partner.

*McClain v. Buechner,* 776 S.W.2d 481, 483 (Mo.App. E.D.1989) (citations and internal quotation marks omitted); *see also N.E. & R. P'ship v. Stone,* 745 S.W.2d 266, 266 (Mo.App. S.D.1988). The requirement that a general partnership sue in the names of all of its partners, rather than in the firm name alone, is long-standing Missouri law. *See, e.g., Chouteau v. Hewitt,* 10 Mo. 131, 135 (1846) ("The names of all the individuals composing a firm or company not incorporated, must be set forth with

certainty in the declaration."); *Revis v. Lamme & Bros.,* 2 Mo. 207, 208 (1830).

Thus, it is undisputed that Unifund, a general partnership, had no authority to file the present actions in its firm name alone. The question remains, however, as to the proper *characterization* of that defect: whether it defeated the trial court's subject-matter jurisdiction and rendered any resulting judgment void, or instead whether the proper-party issue was a waivable affirmative defense.

The Respondents' right to relief depends on a finding that the default judgments were *void,* not simply erroneous. Generally, a defendant may move to set aside a default judgment by showing good cause for the defendant's failure to appear, and a meritorious defense. Rule 74.05(d). Such a motion, however, "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." *Id.* Here, the Respondents moved to set aside the default judgments more than four years after those judgments were entered against them. Given the passage of time, they had no right to proceed under Rule 74.05(d). Instead, they invoked Rule 74.06(b)(4), arguing that the default judgments were "void" because Unifund did not have standing to proceed in its own name. A Rule 74.06(b)(4) motion which claims that a judgment is void is not subject to any specific time limit. Rule 74.06(c).

Because "[l]itigants can request relief from a void judgment pursuant to Rule 74.06(b) at any time," "[t]he concept of a void judgment is narrowly restricted' ... to protect the strong public policy interest in the finality of judgments." *Forsyth Fin. Grp., LLC v. Hayes,* 351 S.W.3d 738, 740 (Mo.App. W.D.2011) (citations and internal quotation marks omitted).

A judgment is "void" under ... [R]ule [74.06(b)(4) ] only if the court that ren-

dered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. . . .

. . . A judgment is not void merely because it is erroneous. In cases where personal and subject matter jurisdiction are established, a judgment should not be set aside unless the court acted in such a way as to deprive the movant of due process. . . . These due process concerns typically do not arise in cases of default judgment, where the defendant received proper notice of the proceedings and waived rights as a result of his own failure to appear.

*Id.* at 740–41 (citations and internal quotation marks omitted); *see also, e.g., Kerth v. Polestar Entm't*, 325 S.W.3d 373, 388–89 (Mo.App. E.D.2010); *State ex rel. Koster v. Walls*, 313 S.W.3d 143, 145 (Mo.App. W.D. 2010). The fact that a plaintiff's pleading is deficient, and fails to state a claim for relief, does not render the resulting judgment "void." *Forsyth Fin.*, 351 S.W.3d at 741.

We assume that, if Unifund lacked standing to sue the Respondents, the cir-cuit courts which entered the default judgments lacked subject-matter jurisdiction, and those judgments would therefore be "void."[3] Respondents' arguments did not raise issues of standing, however.

In *City of Wellston v. SBC Communications, Inc.*, 203 S.W.3d 189 (Mo. banc 2006), the Missouri Supreme Court distinguished the concepts of capacity and standing. It explained:

Capacity to sue refers to the status of a person or group as an entity that can sue or be sued, and is not dependent on the character of the specific claim alleged in the lawsuit. . . .

Standing to sue evaluates the sufficiency of a plaintiff's interest in the subject of the lawsuit. It is a concept used to ascertain if a party is sufficiently affected by the conduct complained of in the suit, so as to insure that a justiciable controversy is before the court. . . . Objections to standing, unlike objections based on the real party in interest rule, cannot be waived. . . .

*Id.* at 193 (citation omitted); *see also, e.g., Midwestern Health Mgmt., Inc. v. Walker*,

3. Subsequent to the Missouri Supreme Court's decision in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), there may be some question whether a plaintiff's lack of standing implicates the trial court's subject-matter jurisdiction. *See Borges v. Mo. Pub. Entity Risk Mgmt. Fund*, 358 S.W.3d 177, 183 (Mo.App. W.D.2012) ("It remains an open question whether a lack of standing implicates the court's jurisdiction or merely the court's authority. . . ."). We note that, in *CACH, LLC v. Askew*, 358 S.W.3d 58 (Mo. banc 2012), the Supreme Court stated that "[c]ourts have a duty to determine if a party has standing prior to addressing the substantive issues of the case," and that, "[f]or this reason, standing cannot be waived." *Id.* at 61. The Court cited *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002), to support these statements. At the cited page, *Farmer* states that "[s]tanding is a jurisdictional matter antecedent to the right to relief." *Id.* Despite *Borges'* agnosticism, other post-*Webb* Court of Appeals decisions have characterized standing as an aspect of the circuit court's subject-matter jurisdiction. *See, e.g., Higginbotham v. Higginbotham*, 362 S.W.3d 34, 36–37 (Mo.App. S.D.2012) ("When a party lacks standing sufficient to maintain the action and, consequently, has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on the matter.'" (citation omitted)); *State ex rel. St. Louis Retail Grp. v. Kraiberg*, 343 S.W.3d 712, 715 (Mo.App. E.D.2011) ("If a party lacks standing, the court must dismiss the case because it lacks jurisdiction to consider the substantive matters." (citation omitted)); *White v. White*, 293 S.W.3d 1, 8 (Mo.App. W.D.2009) (same). Given that Respondents' arguments do not raise a standing issue, we need not resolve the issue.

208 S.W.3d 295, 298 (Mo.App. W.D.2006) ("Capacity to sue refers to a party's right to avail itself access to the courts because it is without any general disability. Standing to sue, on the other hand, exists when a party has an interest in the subject matter of the suit that gives it a right to recovery, if validated." (citations omitted)).

In *City of Wellston,* the City brought suit in its own name to collect certain business license taxes it had imposed, rather than suing in the name of the State (as arguably required by statute). The Supreme Court held that this was an issue of capacity, not standing:

> Missouri courts on multiple occasions have treated errors in bringing a claim directly rather than in the name of another party, or similar defects, as issues of capacity rather than standing, which may be waived or avoided by amendment of the pleadings.

203 S.W.3d at 193. "[E]ven assuming ... that Wellston should have brought suit in the name of the state, the trial court erred in believing that this error" implicated the City's standing, rather than its capacity to sue. *Id.* at 195.

*City of Wellston* cited favorably to the Court's prior decision in *Board of Public Works of Rolla v. Sho–Me Power Corp.,* 362 Mo. 730, 244 S.W.2d 55 (Mo. banc 1951). In *Sho–Me Power,* the Court found that a suit to declare a municipal contract invalid should have been brought in the name of the City of Rolla; the suit had been brought, however, in the name of the Board of Public Works. The Board had no statutory authority to file suit in its own name. *Id.* at 61. The Court nevertheless held that its prosecution of the action—without objection—did not render the resulting judgment void. *Id.* at 62.[4]

*City of Wellston* also cited *Cornejo v. Crawford County,* 153 S.W.3d 898 (Mo. App. S.D.2005). In *Cornejo,* the individual owner of a limited liability company ("LLC") sued in his own name to enforce a contract into which the LLC had entered. On appeal, the adverse party argued that the LLC's owner was not the proper party to prosecute the breach of contract claim. The Southern District held that this argument was waived: "a claim that a suit should have been filed in the name of a certain entity is waived if it is not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1)(E)." *Id.* at 901; *see also In their Representative Capacity as Trustees for the Indian Spring Owners Ass'n v. Greeves,* 277 S.W.3d 793, 798–99 (Mo.App. E.D.2009) (claim that trustees had not been validly elected to sue on behalf of homeowner's association raised an issue of capacity to sue, not standing, which was waived by defendants' failure to file a motion or pleading raising the issue); *Moxness v. Hart,* 131 S.W.3d 441, 445–46 (Mo.App. W.D.2004) (contention that party seeking intervention "was not a registered corporation or limited liability company" raised an issue concerning the putative intervenor's capacity to sue, which was waived by opponent's failure to file a responsive pleading); *Fisher v.*

---

4. In *Sho–Me Power,* the Supreme Court held that, to retain the benefits of the judgment, the City of Rolla was required to move for leave to be substituted as the party-plaintiff. 244 S.W.2d at 62. This course of action is unnecessary here: the Respondents have not requested that Unifund's partners be substituted as parties-plaintiff in order to protect the Respondents from a duplicative lawsuit; and this case does not involve a judgment on direct appeal, but instead a judgment which became final five years before the Respondents raised the (erroneous) argument that the judgment was "void." In addition, Rules 55.13 and 55.27(g)(1) now explicitly provide that the defense of capacity must be asserted by specific negative averment, or else it is waived. In these circumstances, we will not require Unifund's partners to be substituted as parties-plaintiff at this late date.

*Spray Planes, Inc.,* 814 S.W.2d 628, 631 (Mo.App. E.D.1991) ("A claim that a suit should have been filed in the name of certain statutory trustees, rather than in the name of a defunct corporation, is waived if it is not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1)." (quotations marks and citation omitted)).

Under this caselaw, Respondents' claim that Unifund was not entitled to file suit in its own name raised an issue of capacity, not standing. Respondents' arguments plainly challenge whether Unifund has the "status of . . . an entity that can sue or be sued" (a *capacity* issue), rather than whether it has an "interest in the subject of the lawsuit" (the *standing* inquiry). *City of Wellston,* 203 S.W.3d at 193. Respondents' contention that all of Unifund's partners had to be named as plaintiffs is similar to the arguments in earlier cases that a plaintiff should have sued in the name of some other person or entity. As in those cases, there was no question here that an injury had actually been suffered, or that Unifund had an interest in obtaining compensation for that injury; Respondents' objections relate only to the *form* in which the action should have been brought. Indeed, one recent decision explicitly characterizes this issue as a question of capacity, albeit without extended discussion. *See Moxness,* 131 S.W.3d at 445 ("Since the motion [to intervene] did not list the names of the partners, Northland Auto Brokers *qua* partnership did not have the capacity to sue."). Because this is an issue of capacity, not standing, the default judgments were not "void" even if Respondents are correct that the action was brought in the wrong name.[5]

Our conclusion that Respondents' arguments address Unifund's capacity, and are therefore non-jurisdictional and waivable, is confirmed by what we understand to be the Missouri Supreme Court's last pronouncement on the issue. In *Fowler & Wild v. Williams,* 62 Mo. 403 (1876), the plaintiff sued in the name of a general partnership. *After* trial and the entry of judgment, the defendant objected "on the sole ground that the plaintiff's individual names were not set out" in their pleading. *Id.* at 404. The Supreme Court held that this objection—which is the same objection Respondents raise here—was untimely and waived, where the defendant first asserted it after the entry of judgment.

An action, to be properly brought, should be commenced in the christian and surnames of the parties. But where the declaration is in the name of a firm, if advantage is sought to be taken of the defect, it should be done by a suitable motion before the trial is closed, so as to give the parties an opportunity to amend. *If no such motion is made, and the cause proceeds to judgment, the judgment will not be void, but will be good after verdict.*

. . . .

Parties ought not to be encouraged in taking their chances in legal proceedings, and in inducing the court and the opposite party to believe that they have waived mere irregularities, and then, when they are defeated, rely upon them as a last resort.

*Id.* (emphasis added).

While hoary, *Fowler & Wild* has never been overruled or abrogated; to the con-

---

5. We note that certain earlier cases state that a plaintiff's lack of capacity defeats the trial court's subject-matter jurisdiction. *City of Wellston* makes clear, however, that lack of capacity is a waivable—and hence *non-jurisdictional*—defect.

We emphasize that this case involves a partnership prosecuting a lawsuit as the plaintiff. This case does not require us to address the issues which may arise when a partnership is named as a defendant.

trary, subsequent cases affirm its validity.[6] *Fowler & Wild* unambiguously holds that the failure to name individual partners in a suit brought by a general partnership is a waivable procedural issue, and does not defeat the trial court's jurisdiction or render any resulting judgment void. *Fowler & Wild* requires reversal in this case.

We recognize that, in *Sarasohn & Co. v. Prestige Hotels Corp.*, 945 S.W.2d 13 (Mo. App. E.D.1997), the Eastern District stated that a general partnership, and a single general partner of such a partnership, "lacked standing" to prosecute an action to enforce a partnership obligation, and that the trial court therefore "lacked jurisdiction to adjudicate the merits" of the case. *Id.* at 16. The characterization of the defendants' objection as a "standing" issue was unnecessary to the decision in *Sarasohn*, however, because no one disputed that the defendants had timely raised the issue in the trial court; therefore, the result would have been the same whether the issue was one of standing, or of capacity to sue. In any event, *Sarasohn*'s characterization of this issue as a "standing" question is inconsistent with the controlling authority discussed above. The same can be said of *Allgeier, Martin & Associates v. Ashmore*, 508 S.W.2d 524, 525 (Mo. App.1974), in which the Court raised the issue of a partnership's capacity to sue *sua sponte*, following the entry of a default judgment in the partnership's favor. The Eastern District has since observed that "the facts giving rise to [*Allgeier*] took place before Rule 55.27 was adopted," *Baum v. Glen Park Properties*, 660 S.W.2d 723, 726 (Mo.App. E.D.1983); but even before the adoption of that Rule (which provides that capacity issues are waived if not timely asserted), *Allgeier* could not be reconciled with the Supreme Court's decision in *Fowler & Wild*.

Respondents also cite *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.*, 877 S.W.2d 218 (Mo.App. E.D.1994), and *ADP Dealer Services Group v. Carroll Motor Co.*, 195 S.W.3d 1 (Mo.App. E.D. 2005), for the proposition that "[a]ny suit which is not brought in the name of a legal entity is a nullity." *Id.* at 7; *Korte Trucking*, 877 S.W.2d at 219–20. Both cases specifically refer to this issue as one of *capacity to sue*, however; and in both cases, the issue was timely raised during the pendency of the original action. Indeed, *ADP* contains an extended discussion holding that the issue was properly preserved by the defendants, in the manner required by Rules 55.13 and 55.27(g)(1), as a question of *capacity to sue*. 195 S.W.3d at 8–9. *ADP* and *Korte Trucking* do not support Respondents' arguments that Unifund's ability to sue in its own name is a jurisdictional standing question.[7]

**6.** *See Davis v. Kline*, 76 Mo. 310, 312 (1882) ("It was expressly decided in *Fowler & Wild v. Williams*, 62 Mo. 403, that judgments rendered in favor of a firm, by the firm name, are not void."); *Sims v. Freeman*, 641 S.W.2d 197, 199 (Mo.App. S.D.1982) (trial court erroneously denied one partner of general partnership the opportunity to amend his petition to name the other partner, in response to objection by defendant); *Weldon v. Fisher*, 194 Mo.App. 573, 186 S.W. 1153, 1155 (1916) (affirming the continued validity of *Fowler* even though a judgment *against* a partnership in firm name was, at least at that time, void *ab initio*); *Mitchell & Bro. v. Railton*, 45 Mo. App. 273, 282 (Mo.App.1891) (holding that defendant waived objection that partnership improperly filed suit in the firm name alone, where issue was not timely raised); *C.H. Conrades & Co. v. Spink*, 38 Mo.App. 309, 311–12 (Mo.App.1889) (holding that trial court's erroneous ruling, which allowed a suit to proceed in firm name alone, was not reversible where it did not materially affect the merits of the action).

**7.** Respondents also cite *McClain v. Buechner*, 776 S.W.2d 481, 483 (Mo.App. E.D.1989), and *Dakin v. Greer*, 685 S.W.2d 276, 278–79 (Mo.App. W.D.1985), for the proposition that Unifund's failure to name its individual partners constituted a failure to state a claim,

On appeal, Hawkins argues that the default judgment entered against him was also void because he was not properly served with process. Hawkins did not raise this issue in his motion to vacate the judgment, however; the motion argued only that the judgment was void "because the court lacked subject matter jurisdiction." Indeed, Hawkins' motion to vacate affirmatively alleged, as an "uncontroverted fact," that "[s]ummons was issued to the Defendant and served." Although Hawkins raised the service-of-process issue at oral argument on the motion to vacate, and in a post-argument reply memorandum, Unifund objected that the argument was untimely, and the trial court's judgment does not address it. Hawkins' belated service-of-process argument cannot justify the conclusion that the default judgment was void.

### Conclusion

For the foregoing reasons, we reverse the trial court's judgments, which vacated the default judgments entered against the Respondents.[8]

All concur.

which could be raised for the first time on appeal. Be that as it may (and the right to raise such issues for the first time on appeal may be questionable in light of the 2012 amendment to Rule 84.13(a)), treating the issue as a failure to state a claim does not assist Respondents: such pleading deficiencies would not render the default judgments *void.*

8. Given our conclusion that Unifund's appellate arguments justify reversal, we reject Hawkins' request for sanctions for a frivolous appeal. We deny as moot Kinnamon's mo-

tion to strike portions of Hawkins' brief, although we note that Hawkins' brief contains unnecessary, and unnecessarily inflammatory, discussion of matters outside the record.

We also note that Unifund, its partners, and any predecessors or successors in interest are obviously entitled to recover only once for the underlying credit-card debts; amounts paid to Unifund in satisfaction of the underlying judgments would therefore preclude collection efforts by other parties on the same debts.